**THE AMIN LAW GROUP, LTD.**
Ismail Amin, Esq. (SBN 231232)
Saehwa Kang, Esq. (SBN 243238)
Katherine J. Vescera, Esq. (SBN 287171)
2211 Michelson Drive, Suite 1270
Irvine, California 92612
Telephone: (949) 502-7715
Facsimile:  (949) 266-8406

Attorneys for Plaintiff ANTHONY DALY

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DALY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ENV NIGHT LIFE LLC, a Delaware limited liability company, ENV GROUP HOLDINGS LLC, a Delaware limited liability company, ENV GROUP LLC, a Delaware limited liability company; and ADAM DAVID LYND, an individual, also known as DAVID LYND, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**INDIVIDUAL ACTIONS:**<br>1. **Breach of Written Contract**<br>2. **Breach of Implied Covenant of Good Faith and Fair Dealing**<br>3. **Waiting-Time Penalty** (*Cal. Lab. Code* § 203)<br>4. **Failure to Provide Accurate Wage Statements** (*Cal. Lab. Code* § 226)<br>5. **Fraudulent Inducement**<br>6. **Breach of Fiduciary Duty**<br>7. **Deceptive Trade Practices** [*Bus. & Prof. Code* § 17200, *et seq.*]<br>8. **Intentional Misrepresentation (Fraud)**<br>9. **Negligent Misrepresentation (Fraud)**<br>10. **Conversion**<br>11. **Promissory Estoppel**<br>12. **Unjust Enrichment**<br>13. **Accounting**<br>14. **Accounting** [*Cal. Lab. Code* § 226(b)]<br>15. **Constructive Trust**<br>16. **Restitution**<br>17. **Appointment of Receiver** [*Cal. Code Civ. Proc.* § 564] |

- 1 -

**COMPLAINT**

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

Plaintiff ANTHONY DALY ("Plaintiff") an individual, hereby complains and alleges against Defendant ENV NIGHT LIFE LLC ("Defendant ENV NIGHT LIFE"), ENV GROUP HOLDINGS LLC ("Defendant ENV GH"), Defendant ENV GROUP LLC, ("Defendant ENV GROUP"), and Defendant ADAM DAVID LYND, also known as DAVID LYND ("Defendant LYND"), and DOES 1 through 25, inclusive, and each of them, as follows:

## JURISDICTION AND VENUE

1.      This Court has diversity jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332(a). Plaintiff resides in the state of California, Defendant ENV NIGHT LIFE is a limited liability company in Delaware, Defendant ENV GH is a limited liability company in Delaware, Defendant ENV GROUP is a limited liability company in Delaware, and Defendant LYND is a resident of the State of Texas. Furthermore, the amount in controversy, which is at least One Hundred Twenty Thousand Dollars ($120,000.00), is within the jurisdictional limits of this Court.

2.      Plaintiff is informed and believes, and based thereon alleges, that Defendants are subject to personal jurisdiction in this District because Defendants have entered into a contract in this District, have focused a substantial portion of their unlawful (and tortious) conduct in Los Angeles County within this District, and generally engage in ordinary business activities in this District.

**COMPLAINT**

3.      Plaintiff is informed and believes, and based thereon alleges, that venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391(a) and 1391(c) because a substantial part of the events or omissions giving rise to the claims occurred in this District.  Additionally, venue is proper as Defendants are subject to personal jurisdiction in this District.

4.      This Court further has jurisdiction over this matter and venue is proper within this Judicial District such that the Parties consented to jurisdiction in the State of California.

## **PARTIES**

5.      Plaintiff, is at all relevant times herein mentioned was, and now is, an individual who resides in the City of Los Angeles, in the County of Los Angeles, State of California.

6.      Plaintiff is informed and believes, and thereon alleges, that at all relevant times Defendant ENV NIGHT LIFE is, and at all relevant times herein was, a limited liability company organized and existing under the laws of the State of Delaware. Defendant ENV NIGHT LIFE is, and at all relevant times herein was, in the business of nightlife operations.

7.      Plaintiff is informed and believes, and thereon alleges, that at all relevant times Defendant ENV GH is, and at all relevant times herein was, a limited liability company organized and existing under the laws of the State of Delaware.  Defendant

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

- 3 -
**COMPLAINT**

ENV GH is, and at all relevant times herein was, in the business of nightlife operations.

8.    Plaintiff is informed and believes, and thereon alleges, that at all relevant times Defendant ENV GROUP is, and at all relevant times herein was, a limited liability company organized and existing under the laws of the State of Delaware.  Defendant ENV GROUP is, and at all relevant times herein was, in the business of nightlife operations.

9.    Plaintiff is informed and believes, and thereon alleges, that at all relevant times Defendant LYND was, and now is, an individual who resides in the City of San Antonio, County of Bexar, State of Texas.

10.    Plaintiff is informed and believes, and thereon alleges, that at all relevant times Defendant LYND was, and now is, a managing member of Defendant ENV NIGHT LIFE, Defendant ENV GH, and Defendant ENV GROUP.

11.    Defendant ENV NIGHT LIFE, Defendant ENV GH, Defendant ENV GROUP, and Defendant LYND may hereinafter collectively be referred to as "Defendants."

12.    Defendant ENV NIGHT LIFE, Defendant ENV GH, and Defendant ENV GROUP may hereinafter collectively be referred to as "ENV DEFENDANTS".

13.    Plaintiff and Defendants may hereinafter collectively be referred to as the "Parties."

14.    The contract that is the subject of this action was entered into by Plaintiff

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

**COMPLAINT**

and Defendants in the City of Los Angeles, County of Los Angeles, State of California. The resulting breach of contract occurred in the City of Los Angeles, County of Los Angeles, State of California.

15.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, and each of them, was the agent, servant, employee, joint venturer, partner, subsidiary, and/or co-conspirator of each other Defendant, and that, in performing or failing to perform the acts herein alleged, each was acting individually as well as through and in the foregoing alleged capacity and within the course and scope of such agency, employment, joint venture, partnership, subsidiary, and/or conspiracy, and each other Defendant ratified and affirmed the acts and omissions of the other Defendants.  Plaintiff is further informed and believe that each Defendant, in taking the actions alleged herein and/or ratifying the actions alleged herein, acted within the course and scope of such authority and, at the same time, for their own financial and individual advantage, as well as in the course and scope of such employment, agency, and as an alter ego therein.

16.    The true names and capacities, whether individual, corporate, associate or otherwise of Defendants Does 1-25, inclusive, are unknown to Plaintiff, and therefore, Plaintiff sues said Defendants by such fictitious names.  Plaintiff is informed and believes and on that basis alleges, that each of the Defendants designated herein as a fictitiously named Defendant is, in some manner, responsible for the acts, events,

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

**COMPLAINT**

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

occurrences, and happenings described in this Complaint and have proximately caused injuries and damages to Plaintiff.

## ALTER EGO ALLEGATIONS

17.    Plaintiff is informed and believes, and thereon alleges, that there exists, and all times material hereto existed, such a unity of interest and ownership between Defendant ENV NIGHT LIFE, Defendant ENV GH, Defendant ENV GROUP, and Defendant LYND that the individuality and separateness amongst Defendant ENV NIGHT LIFE, Defendant ENV GH, Defendant ENV GROUP, and Defendant LYND have ceased; Defendant ENV NIGHT LIFE, Defendant ENV GH, Defendant ENV GROUP, and Defendant LYND are merely alter egos of one another.

18.    Defendant ENV NIGHT LIFE, Defendant ENV GH, and Defendant ENV GROUP are, at all times mentioned were, mere shell instrumentalities and conduits through which Defendant LYND carried on his personal business in the limited liability company names, exercising complete control and dominance of the businesses to such extent that any individuality or separateness does not, and all times mentioned herein did not, exist.

19.    Adherence to the fiction of the separate existence of Defendant ENV NIGHT LIFE, Defendant ENV GH, Defendant ENV GROUP, and Defendant LYND would, under the circumstances, sanction a fraud and promote injustice.

20.    Under the circumstances detailed above and within this Complaint, Plaintiff

**COMPLAINT**

should be entitled to ignore the corporate protections normally afforded members and managers of limited liability companies and be entitled to seek execution against the assets of Defendant LYND.

## GENERAL ALLEGATIONS

21.    On or about October 25, 2013, Defendants offered Plaintiff a position as President of Defendant ENV NIGHT LIFE (the "Position").    In furtherance of Defendants' offer to Plaintiff, Defendants represented that the ENV DEFENDANTS would be adequately capitalized and rendered operational, shortly after the commencement of Plaintiff's employment with Defendants.

22.    Defendants represented that for the performance of certain managerial duties as President of Defendant ENV NIGHT LIFE which would operate in multiple venues, namely Chicago, Illinois, Los Angeles, California, San Antonio, Texas,  Austin, Texas, Plaintiff would receive a base salary of Two Hundred Fifty Thousand Dollars ($250,000.00) per year, payable on no less than a monthly basis, a twenty percent (20%) equity and profits interest in Defendant ENV NIGHT LIFE, and a three percent (3%) profits interest in Defendant ENV GROUP, half of which would vest upon Plaintiff's employment date, in addition to becoming a member of the board of managers of Defendant ENV GROUP pursuant to which the Parties would execute a written employment agreement (the "Agreement").  *A true and correct copy of the Agreement is attached hereto as Exhibit "A".*

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

- 7 -

**COMPLAINT**

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

23.    Defendants represented that if Plaintiff were to be terminated from the Position, Defendants would provide compensation and reimbursement for any and all services Plaintiff rendered and/or reasonable business expenses prior to the termination of employment, including, but not limited to, Plaintiff's accrued base salary, Plaintiff's equity and profits interest in Defendant NIGHT LIFE, and Plaintiff's profits interest in Defendant ENV GROUP, half of which vested upon Plaintiff's employment date.

24.    Defendants further represented that if Plaintiff were to accept the Position and perform his managerial duties for Defendants, Plaintiff would be availed of additional business opportunities, including, but not limited to, the operation, management, and development of Defendants' other nightclub venues in Chicago, Illinois, Los Angeles, California, San Antonio, Texas, and Austin, Texas. Furthermore, as new nightlife properties and real estate developments were acquired by Defendants throughout the United States, Defendants represented that Plaintiff would be part of the "opening" team for each of these newly acquired properties and developments.

25.    From Defendants' offer of employment to Plaintiff on or about October 2013 through on or about May 2014, Defendants continually represented that the ENV DEFENDANTS would be adequately capitalized and rendered operational shortly after the commencement of Plaintiff's employment with Defendants and further provided Defendants' financial information and assets to Plaintiff in support of its representations. *See Exhibit "A".*

- 8 -

**COMPLAINT**

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

26.    In accordance with Defendants' representations as to the same, on or about October 2013, the Parties entered into the Agreement. *See Exhibit "A".*

27.    Pursuant to Section IV of the Agreement, as compensation for his services to Defendants, the parties agreed that Plaintiff would receive a base salary of Two Hundred Fifty Thousand Dollars ($250,000.00) per year, payable on no less than a monthly basis,  a twenty percent (20%) equity and profits interest in Defendant ENV NIGHT LIFE, and a three percent (3%) profits interest in Defendant ENV GROUP, half of which vested upon Plaintiff's employment date, in addition to becoming a member of the board of managers of Defendant ENV NIGHT GROUP.   *See Section IV, Exhibit "A".*

28.    Additionally, pursuant to Sections V and VI of the Agreement, upon termination of Plaintiff's employment, the Parties agreed that Plaintiff would receive compensation and reimbursement for any and all services Plaintiff rendered and/or reasonable business expensed under the Agreement prior to the termination of employment, including, but not limited to, Plaintiff's accrued base salary, Plaintiff's equity and profits interest in Defendant ENV NIGHT LIFE, and Plaintiff's profits interest in Defendant ENV GROUP pursuant to the terms of the Agreement. *See Sections IV-VI, Exhibit "A".*

29.    In reliance upon Defendants' representations and in accepting the Position with Defendants, Plaintiff resigned from his then-current position as a Director of

**COMPLAINT**

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone (949) 502-7715 / Fax: (949) 266-8406

Nightlife in good standing for SBE, a global hospitality and entertainment company, wherein he was receiving an annual base salary of Two Hundred Fifty Thousand Dollars ($250,000.00), not including other benefits, bonuses, and incentives. In reliance upon Defendants' representations and in executing the Agreement, Plaintiff was offered, and ultimately declined, several partnership opportunities in SBE's night club ventures in Los Angeles, in addition to a raise which would exceed his then-current annual base salary of Two Hundred Fifty Thousand Dollars ($250,000.00) to relocate to Las Vegas, Nevada, for a separate hotel opportunity on SBE's behalf.

30.     In reliance upon Defendants' representations and in accepting the Position with Defendants, Plaintiff was required to lease an apartment in Austin, Texas, one of Defendant ENV NIGHT LIFE's anticipated hubs, at the monthly rental rate of Two Thousand Dollars ($2,000.00) per month, in addition to incurring Five Thousand Dollars ($5,000.00) in moving/relocation expenses.

31.     From on or about October 25, 2013 to on or about April 2014 (the "Employment Period"), Plaintiff was employed by Defendants, and rendered his services as an employee on Defendants' behalf during the Employment Period pursuant to the terms of the Agreement. Plaintiff was under the actual control (or right to control) of Defendants concerning all facets of his job functions performed for Defendants. Plaintiff worked on a full-time basis for Defendants; was supposed to be paid a bi-monthly or monthly salary (but was not actually paid); was to be reimbursed by

- 10 -

**COMPLAINT**

Defendants for any employment-related expenses, including, but not limited to, reasonable travel and other expenses incurred in connection with the performance of his duties and obligations under the Agreement, and was to be paid an advance to fund Defendant's activities in the operation of certain hospitality business ventures for the benefit of Defendants. Plaintiff not conduct any business separate or apart from what was agreed upon by the Parties per the Agreement during the Employment Period.

32. Plaintiff used his best efforts to comport with the terms of the Agreement and fully performed all of the employee duties required (and asked) of him by Defendants, including, but not limited to, traveling to and from numerous cities throughout the United States including Chicago, Illinois, Los Angeles, California, San Antonio, Texas, and Austin, Texas, to designate, confirm, and prepare nightclub venues for Defendants in addition to partially residing in Austin, Texas, which was going to be one of Defendant ENV NIGHT LIFE's anticipated hubs -- all under the sole and exclusive direction of Defendants. Alternatively, Plaintiff was excused and prevented from performance of his duties per the Agreement due to Defendants' failure to adequately capitalize and render the ENV DEFENDANTS operational shortly after Plaintiff commenced his employment with Defendants.

33. On or about April 2014, due to Defendants' failure to adequately capitalize the ENV DEFENDANTS and render the ENV DEFENDANTS operational, Plaintiff resigned from his employment with Defendants. As such, Plaintiff was entitled to

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

- 11 -

**COMPLAINT**

compensation and reimbursement for all services Plaintiff rendered in addition to reasonable business expenses incurred under the Agreement prior to the termination of employment, including, but not limited to, Plaintiff's base salary, Plaintiff's equity and profits interest in Defendant ENV NIGHT LIFE, and Plaintiff's profits interest in Defendant ENV GROUP pursuant to the Agreement. *See Sections IV-VI, Exhibit "A".* Nonetheless, on or after Plaintiff's date of resignation and despite Plaintiff's numerous demands, Defendants has refused and failed to pay Plaintiff any compensation for his employment with Defendants during the Employment Period. Furthermore, to date, Defendants have refused and failed to provide accurate wage statements for Plaintiff which were earned during the Employment Period.

34.     Furthermore, due to Defendants' representations and material breaches of the Agreement, Plaintiff did not receive the compensation to which he was fully entitled which eventually forced him to sell his residence in Los Angeles, California, and to terminate his apartment lease in Austin, Texas.

35.     From on or about April 2014 to the present, despite Plaintiff's notice of Defendants' material breaches of the Agreement, Defendants failed, and continue to fail to remit Plaintiff's base salary in the amount of One Hundred Twenty Thousand Dollars ($120,000.00), the twenty percent (20%) equity and profits interest in Defendant ENV NIGHT LIFE, and the three percent (3%) profits interest in Defendant ENV GROUP to which Plaintiff is rightfully entitled.

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

- 12 -

**COMPLAINT**

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

36.    Furthermore, as a one point five percent (1.5%) managing member of Defendant ENV GROUP, Plaintiff is legally entitled to physically inspect all pertinent "accounting books and records" at Defendant ENV GROUP's premises during usual business hours pursuant to *California Corporations Code* § 17106, such that Plaintiff has a right of access to Defendant ENV GROUP's accounting books and records.

37.    There remains a large balance of approximately One Hundred Twenty Thousand Dollars ($120,000.00) that is due and owing to Plaintiff by Defendants.

38.    Defendant ENV NIGHT LIFE's material breaches of the Agreement have, to date, gone uncured.

39.    From on or about April 2014 to the present, Plaintiff has also made numerous demands, orally and in writing, that Defendants perform pursuant to the Agreement but Defendants have repeatedly refused and failed to do so, which has caused Plaintiff significant damages.

## FIRST CLAIM FOR RELIEF

## (By Plaintiff For Breach of Written Contract Against All Defendants, and Does 1-25, inclusive)

40.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 39, inclusive, of this Complaint and by reference thereto, incorporates the same as though more fully set forth herein.

- 13 -

**COMPLAINT**

41.    In accordance with Defendants' representations as to the same, on or about October 2013, the Parties entered into the Agreement. *See Exhibit "A"*.

42.    Pursuant to Section IV of the Agreement, as compensation for his services to Defendants, the Parties agreed that Plaintiff would receive a base salary of Two Hundred Fifty Thousand Dollars ($250,000.00) per year, payable on a no less than monthly basis; a twenty percent (20%) equity and profits interest in Defendant ENV NIGHT LIFE, and a three percent (3%) profits interest in Defendant ENV GROUP, half of which vested upon Plaintiff's employment date, in addition to becoming a member of the board of managers of Defendant ENV NIGHT GROUP.    *See Section IV, Exhibit "A"*.

43.    Additionally, pursuant to Sections V and VI of the Agreement, upon termination of Plaintiff's employment, the Parties agreed that Plaintiff would receive compensation and reimbursement for any and all services Plaintiff rendered and/or reasonable business expensed under the Agreement prior to the termination of employment, including, but not limited to, Plaintiff's accrued base salary, the Plaintiff's equity and profits interest in Defendant ENV NIGHT LIFE, and Plaintiff's profits interest in Defendant ENV GROUP pursuant to the terms of the Agreement. *See Sections IV-VI, Exhibit "A"*.

44.    In reliance upon Defendants' representations and in accepting the Position with Defendants, Plaintiff resigned from his then-current position as a Director of

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

**COMPLAINT**

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

Nightlife in good standing for SBE, a global hospitality and entertainment company, wherein he was receiving an annual base salary of Two Hundred Fifty Thousand Dollars ($250,000.00), not including other benefits, bonuses, and incentives. In reliance upon Defendants' representations and in executing the Agreement, Plaintiff was offered, and ultimately declined, several partnership opportunities in SBE's night club ventures in Los Angeles, California, in addition to a pay raise which would have exceeded his then-current annual base salary of Two Hundred Fifty Thousand Dollars ($250,000.00) to relocate to Las Vegas, Nevada, for a separate hotel opportunity on SBE's behalf.

45.    Furthermore, in reliance upon Defendants' representations and in accepting the Position with Defendants, Plaintiff was further required to lease an apartment in Austin, Texas, one of Defendant ENV NIGHTLIFE's anticipated hubs, at the monthly rental rate of Two Thousand Dollars ($2,000.00) per month, in addition to incurring Five Thousand Dollars ($5,000.00) in moving/relocation expenses.

46.    From on or about October 2013 to on or about April 2014, Plaintiff used his best efforts to comport with the terms of the Agreement and fully performed all of the managerial duties required (and asked) of him by Defendants, including, but not limited to, traveling to and from numerous cities throughout the United States including Chicago, Illinois, Los Angeles, California, San Antonio, Texas, and Austin, Texas, in order to designate, confirm, and prepare nightclub venues for Defendants, in addition to

- 15 -

**COMPLAINT**

partially residing in Austin, Texas, which was going to be one of Defendant ENV NIGHT LIFE's hubs -- all under the sole and exclusive direction of Defendants.

47.     Alternatively, Plaintiff was excused and prevented from performance of his duties per the Agreement due to Defendants' failure to adequately capitalize and render the ENV DEFENDANTS operational shortly after Plaintiff commenced his employment with Defendants.

48.     On or about April 2014, due to Defendants' failure to adequately capitalize the ENV DEFENDANTS and render the ENV DEFENDANTS operational, Plaintiff resigned from his employment with Defendants.  As such, Plaintiff was entitled to compensation and reimbursement for any and all services Plaintiff rendered in addition to reasonable business expenses incurred under the Agreement prior to the termination of employment, including, but not limited to, Plaintiff's base salary, Plaintiff's equity and profits interest in Defendant ENV NIGHT LIFE, and Plaintiff's profits interest in Defendant ENV GROUP pursuant to Section IV of the Agreement. *See Sections IV-VI, Exhibit "A"*.

49.     Furthermore, due to Defendants' material breaches of the Agreement, Plaintiff did not receive the compensation to which he was fully entitled, and was eventually forced to sell his residence in Los Angeles, California, and to terminate his apartment lease in Austin, Texas.

50.     All conditions required by the Agreement for Defendants' performance

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

- 16 -

**COMPLAINT**

have occurred.

51.    By failing to perform the services and tasks they had *expressly promised to perform*, Defendants materially breached the terms of the Agreement.

52.    **Plaintiff is informed and believes, and thereon alleges, that Defendants continuously, intentionally and knowingly materially breached, and continue to materially breach, the terms of the Agreement and their prior explicit representations to Plaintiff as to the same.**

53.    As a direct and proximate result of Defendants' material breaches of the Agreement, Defendants have failed to pay Plaintiff his base salary of Two Hundred Fifty Thousand Dollars ($250,000.00) per year, payable on a no less than monthly basis, the twenty percent (20%) equity and profits interest in Defendant ENV NIGHT LIFE, and the three percent (3%) profits interest in Defendant ENV GROUP, half of which vested upon Plaintiff's employment date, and further forced Plaintiff to incur significant financial damages, from on or about October 2013 to the present.

54.    Defendants' material breaches and failure to cure the identified deficiencies directly and proximately caused Plaintiff actual and compensatory damages in an amount according to proof at trial, but which Plaintiff estimates at no less than One Hundred Twenty Thousand Dollars ($120,000.00).

55.    Also, as a further direct and proximate result of Defendants' actions, Plaintiff has been required to retain the services of an attorney to prosecute this action

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

- 17 -

**COMPLAINT**

and has been damaged thereby; as such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

<b><u>SECOND CLAIM FOR RELIEF</u></b>

<b>(By Plaintiff For Breach of the Implied Covenant of Good Faith and Fair Dealing Against Defendants, and Does 1-25, inclusive)</b>

56.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 55, inclusive, of this Complaint and by reference thereto, incorporates the same as though more fully set forth herein.

57.    In every contract, including the Agreement between Plaintiff and Defendants, there is an implied promise of good faith and fair dealing. Specifically, this covenant precludes either party to an agreement from depriving the other party of the rights, benefits, and protections of the operative agreements.

58.    In accordance with Defendants' representations as to the same, on or about October 2013, the Parties entered into the Agreement. *See Exhibit "A"*.

59.    Pursuant to Section IV of the Agreement, as compensation for his services to Defendants, the Parties agreed that Plaintiff would receive a base salary of Two Hundred Fifty Thousand Dollars ($250,000.00) per year, payable on no less than a monthly basis, a twenty percent (20%) equity and profits interest in Defendant ENV NIGHT LIFE, and a three percent (3%) profits interest in Defendant ENV GROUP, half of which vested upon Plaintiff's employment date, in addition to becoming a member of

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

- 18 -

the board of managers of Defendant ENV NIGHT GROUP.   *See Section IV, Exhibit "A".*

60.   Additionally, pursuant to Sections V and VI of the Agreement, upon termination of Plaintiff's employment, the Parties agreed that Plaintiff would receive compensation and reimbursement for any and all services Plaintiff rendered and/or reasonable business expensed under the Agreement prior to the termination of employment, including, but not limited to, Plaintiff's accrued base salary, Plaintiff's equity and profits interest in Defendant ENV NIGHT LIFE, and Plaintiff's profits interest in Defendant ENV GROUP pursuant to the terms of the Agreement.   *See Sections IV-VI, Exhibit "A".*

61.   From on or about October 25, 2013 to on or about April 2014, Plaintiff used his best efforts to comport with the terms of the Agreement and fully performed all of the managerial duties required (and asked) of him by Defendants, including, but not limited to, traveling to and from numerous cities throughout the United States including Chicago, Illinois, Los Angeles, California, San Antonio, Texas, and Austin, Texas in order to designate, confirm, and prepare nightclub venues for Defendants in addition to partially residing in Austin, Texas, which was going to be one of Defendant ENV NIGHT LIFE's hubs -- all under the sole and exclusive direction of Defendants.

62.   On or about April 2014, due to Defendants' failure to adequately capitalize the ENV DEFENDANTS and render the ENV DEFENDANTS operational, Plaintiff

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

- 19 -

**COMPLAINT**

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

resigned from his employment with Defendants. As such, Plaintiff was entitled to compensation and reimbursement for any and all services Plaintiff rendered in addition to reasonable business expenses incurred under the Agreement prior to the termination of employment, including, but not limited to, Plaintiff's base salary, Plaintiff's equity and profits interest in Defendant ENV NIGHT LIFE, and Plaintiff's profits interest in Defendant ENV GROUP pursuant to Section IV of the Agreement. *See Sections IV-VI, Exhibit "A".*

63. Furthermore, due to Defendants' material breaches of the Agreement, Plaintiff did not receive the compensation to which was fully entitled, and was eventually forced to sell his residence in Los Angeles, California and to terminate his apartment lease in Austin, Texas.

64. Plaintiff is informed and believes, and on that basis alleges, that Defendants failed to perform their obligations under the Agreement in a manner faithful to the purpose of the Agreement, and knowingly, intentionally, and/or negligently frustrated the justified expectations of Plaintiff by failing to honor the terms of the Agreement, all of which constitutes a breach of the Agreement and of the implied covenant of good faith and fair dealing incorporated into every contract.

65. Defendants' material breaches and failure to cure the identified deficiencies directly and proximately caused Plaintiff actual and compensatory damages in an amount according to proof at trial, but which Plaintiff estimates at no less than One

Hundred Twenty Thousand Dollars ($120,000.00).

66.     Also, as a further direct and proximate result of Defendants' actions, Plaintiff has been required to retain the services of an attorney to prosecute this action and have been damaged thereby; as such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF

**(By Plaintiff For Statutory Waiting Time Penalties Against Defendants (*Cal. Lab. Code* § 203), and Does 1-25, inclusive)**

67.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 66, inclusive, of this Complaint and by reference thereto, incorporates the same as though more fully set forth herein.

68.     On or about April 2, 2014, due to Defendants' representations to the contrary and Defendants' material breaches of the Agreement, Plaintiff resigned from his employment with Defendants.  On or after Plaintiff's resignation date, Plaintiff was not paid for the rendition of his services to Defendants during the Employment Period at the office or agency of any of the Defendants where Plaintiff performed his duties in violation of Section 203 of the *California Labor Code*.

69.     To date, Defendants have willfully failed and refused, and continue to willfully fail and refuse, to pay earned wages to Plaintiff, with reference to the date of termination of his employment on or about April 2, 2014.

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

- 21 -

**COMPLAINT**

70.    Due to Defendants' continued and willful failure to pay Plaintiff his earned wages, Defendants are liable to Plaintiff for waiting-time penalties pursuant to *California Labor Code* § 203, in an amount according to proof at trial, but believed to be not less than approximately One Hundred Twenty Thousand Dollars ($120,000.00), subject to proof at trial.

71.    Plaintiff further seeks an award of reasonable attorney's fees and costs, consistent with Section 218.5 of the *California Labor Code*.

## FOURTH CLAIM FOR RELIEF

### (By Plaintiff For Failure to Provide Accurate Wage Statements Against Defendants, and Does 1-25, inclusive)

72.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 71, inclusive, of this Complaint and by reference thereto, incorporates the same as though more fully set forth herein.

73.    Each of the Defendants failed to provide Plaintiff with accurate itemized statements in accordance with Section 226(a) of the *California Labor Code*. Plaintiff is informed and believes and thereon alleges that all times during the Employment Period, each of the Defendants failed to pay Plaintiff for any gross wages earned, and further failed to issue itemized statements showing (1) the gross wages earned, (2) all deductions, (3) net wages earned, (4) the inclusive dates of the period for which the employee is to be paid, (5) the name of the employee and only the last four digits of his

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715/ Fax: (949) 266-8406

- 22 -

**COMPLAINT**

social security number (or an employee identification number other than a social security number), and (6) the name and address of the legal entity that is the employer.

74.    Each of the Defendants' failure to provide Plaintiff with accurate, itemized wage statements was knowing and intentional, as evidenced by Defendants' complete failure to provide Plaintiff with any compensation for wages earned during the Employment Period, to date.  Defendants had the ability to provide Plaintiff with accurate wage statements, but intentionally failed to provide any wage statements to Plaintiff, in their entirety.

75.    As a result of each of the Defendants' conduct, Plaintiff has suffered injury. The failure of each of the Defendants to provide any accurate wage statements to Plaintiff, to date, has caused considerable difficulty and unnecessary expense in attempting to reconstruct time and pay records, may have led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies, and led to serious financial hardship for Plaintiff who has not received any earned wages from on or about October 25, 2013 to the present.

76.    As a result of each of the Defendants' conduct, Plaintiff has suffered further injury such that Defendants' failure to provide timely compensation and accurate wage statements to Plaintiff eventually forced him to sell his residence in Los Angeles, California and to terminate his apartment lease in Austin, Texas.

77.    Pursuant to *California Labor Code* § 226(e), Plaintiff is further entitled to

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

- 23 -

**COMPLAINT**

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

recover from each of the Defendants Fifty Dollars ($50.00) for the initial pay period in which a violation of *California Labor Code* § 226 occurred, and One Hundred Dollars ($100.00) per employee for each violation of *California Labor Code* § 226 in a subsequent pay period, not to exceed an aggregate penalty of Four Thousand Dollars ($4,000.00) for each named Defendant.

78.    Plaintiff has suffered injury as a result of the knowing and intentional failure of each Defendant to comply with *California Labor Code* § 226(a).  Pursuant to *California Labor Code* Section 226(e), Plaintiff is entitled to recover the full amount of penalties under *California Labor Code* § 226(e), reasonable attorney's fees and costs of suit.

## FIFTH CLAIM FOR RELIEF

**(By Plaintiff For Fraudulent Inducement Against Defendants, and Does 1-25, inclusive)**

79.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 78, inclusive, of this Complaint and by reference thereto, incorporate the same as though more fully set forth herein.

80.    Plaintiff is informed and believes, and thereon alleges, that Defendants committed a fraud upon him by intentionally misrepresenting material facts to Plaintiff, specifically, that the ENV DEFENDANTS would be adequately capitalized and operational shortly after Plaintiff's commencement of employment with Defendants,

- 24 -

**COMPLAINT**

and that if Plaintiff accepted the Position and performed his managerial duties per the Agreement, Plaintiff would receive a base salary of Two Hundred Fifty Thousand Dollars ($250,000.00) per year, payable on a no less than monthly basis, a twenty percent (20%) equity and profits interest in Defendant ENV NIGHT LIFE, and a three percent (3%) profits interest in Defendant ENV GROUP, half of which would vest upon Plaintiff's employment date, in addition to becoming a member of the board of managers of Defendant ENV GROUP. *See Section IV, Exhibit "A".*

81.    Defendants represented that if Plaintiff were to be terminated from the Position, Defendants would provide compensation and reimbursement for any and all services Plaintiff rendered and/or reasonable business expenses prior to the termination of employment, including, but not limited to, Plaintiff's aforementioned base salary, the equity and profits interest in Defendant NIGHT LIFE, and the profits interest in Defendant ENV GROUP, half of which would vest upon Plaintiff's employment date.

82.    Defendants further represented that if Plaintiff were to accept the Position and perform managerial duties for Defendants, Plaintiff would be availed of additional business opportunities, including, but not limited to, the operation, management, and development of Defendants' other nightclub venues in Chicago, Illinois, Los Angeles, California, San Antonio, Texas, and Austin, Texas.  Furthermore, as new nightlife properties and real estate developments were acquired by Defendants throughout the

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

**COMPLAINT**

United States, Defendants represented that Plaintiff would be part of the "opening" team for each of these newly acquired properties and developments.

83.    From Defendants' offer of employment to Plaintiff on or about October 2013 through on or about May 2014, Defendants continually represented that the ENV DEFENDANTS would be adequately capitalized and rendered operational shortly after the commencement of Plaintiff's employment with Defendants and further provided Defendants' financial information and assets to Plaintiff in support of said representations.

84.    In accordance with Defendants' representations as to the same, on or about October 2013, the Parties entered into the Agreement. *See Exhibit "A".*

85.    In reliance upon Defendants' representations and in accepting the Position with Defendants, Plaintiff resigned from his then-current position as a Director of Nightlife in good standing for SBE, a global hospitality and entertainment company, wherein he was receiving an annual base salary of Two Hundred Fifty Thousand Dollars ($250,000.00), not including other benefits, bonuses, and incentives.

86.    In reliance upon Defendants' representations and in executing the Agreement, Plaintiff was offered, and ultimately declined, several partnership opportunities in SBE's night club ventures in Los Angeles, in addition to a pay raise which would have exceeded his then-current annual base salary of Two Hundred Fifty

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

- 26 -

**COMPLAINT**

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8405

Thousand Dollars ($250,000.00) to relocate to Las Vegas, Nevada, for a separate hotel opportunity on SBE's behalf.

87.    In reliance upon Defendants' representations and in accepting the Position with Defendants, Plaintiff was required to lease an apartment in Austin, Texas, one of Defendant ENV NIGHTLIFE's anticipated hubs, at the monthly rental rate of Two Thousand Dollars ($2,000.00) per month, in addition to incurring Five Thousand Dollars ($5,000.00) in moving/relocation expenses.

88.    Plaintiff is informed and believes, and thereon alleges, that Defendants made these misrepresentations with the intent to induce Plaintiff's reliance on these representations, thereby inducing Plaintiff to enter into the Agreement.

89.    Plaintiff is informed and believes, and on that basis alleges, that Defendants never intended to adequately capitalize the ENV DEFENDANTS after Plaintiff's employment commencement date; to pay Plaintiff a base salary of Two Hundred Fifty Thousand Dollars ($250,000.00) per year on a bi-monthly or monthly basis, a twenty percent (20%) equity and profits interest in Defendant ENV NIGHT LIFE and a three percent (3%) profits interest in Defendant ENV GROUP; to make Plaintiff a member of the board of managers of Defendant ENV NIGHT LIFE; to avail Plaintiff of additional business opportunities, including, but not limited to, the operation, management, and development of Defendants' other nightclub venues in Chicago, Illinois, Los Angeles, California, San Antonio, Texas, Austin, Texas, and to allow Plaintiff to be part of the

- 27 -

**COMPLAINT**

"opening" team for each of these newly acquired properties and developments.

90. Plaintiff accepted, and actually relied upon, the intentional misrepresentations of Defendants, as Plaintiff agreed to the terms of the Agreement and to be employed with Defendants. Plaintiff further performed his duties per the terms of the Agreement.

91. Plaintiff was justified in relying on the express promises undertaken by the Parties in the Agreement and upon the representations made by Defendants, as Defendants represented to Plaintiff that they were honest, experienced business entities and persons, and Plaintiff had no reason to believe that these representations were false.

92. Plaintiff did not discover, and could not have reasonably discovered, the fraudulent actions of Defendants until on or about April 2014, after six (6) months had transpired during which time the ENV DEFENDANTS were still not adequately capitalized or operational, subsequent to which Plaintiff thereby provided notice of Defendants' material breach of the Agreement. A reasonably prudent person in Plaintiff's position would not have discovered the fraudulent conduct earlier than this point in time.

93. Plaintiff is informed and believes and on that basis alleges, that by making these intentional misrepresentations to Plaintiff, thereby inducing Plaintiff to accept the President position and enter into the Agreement with Defendants, Defendants acted in a willful, malicious, outrageous and intentional manner and with reckless disregard for the

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

- 28 -

**COMPLAINT**

financial interests of Plaintiff, warranting the imposition of punitive damages according to proof at trial.

94.    Defendants' fraudulent inducement of Plaintiff directly and proximately caused Plaintiff actual and compensatory damages in an amount according to proof at trial, but which Plaintiff estimates at no less than One Hundred Twenty Thousand Dollars ($120,000.00).

95.    Also, as a further direct and proximate result of Defendants' actions, Plaintiff has been required to retain the services of an attorney to prosecute this action and has been damaged thereby; as such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

## SIXTH CLAIM FOR RELIEF

### (By Plaintiff For Breach of Fiduciary Duty Against Defendant LYND and Does 1-25, inclusive)

96.    Plaintiff and repeats and re-alleges the allegations contained in paragraphs 1 through 95, inclusive, of this Complaint and by reference thereto, incorporates the same as though more fully set forth herein.

97.    Defendant LYND, as a manager of Defendant ENV GROUP and Defendant ENV NIGHT LIFE, had fiduciary duties to Plaintiff, a one point five percent (1.5%) member of Defendant ENV GROUP. Plaintiff placed confidence in the integrity of Defendant LYND, and Defendant LYND retained control over Defendant ENV

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

- 29 -

**COMPLAINT**

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

GROUP and Defendant ENV NIGHT LIFE's funds which Defendant LYND invested, managed, and supervised on Defendant ENV GROUP and Defendant ENV NIGHT LIFE's behalf.

98.    Defendant LYND had a duty to act in the utmost good faith for the benefit of and in the best interests of Plaintiff.

99.    **Plaintiff is informed and believes, and on that basis alleges, that Defendant LYND breached his fiduciary duties to Plaintiff by and through the following actions during the time period of on or about October 2013 through the present**:

    a.  intentionally and/or negligently misrepresenting to Plaintiff that shortly after Plaintiff accepted his employment with Defendants, the ENV DEFENDANTS would be adequately capitalized and rendered operational;

    b.  intentionally and/or negligently misrepresenting to Plaintiff that if Plaintiff accepted the Position and performed his managerial duties for Defendants, Plaintiff would receive a base salary of Two Hundred Fifty Thousand Dollars ($250,000.00) per year, payable on a no less than monthly basis, a twenty percent (20%) equity and profits interest in Defendant ENV NIGHT LIFE, in addition to a three percent (3%) profits interest in Defendant ENV GROUP, half of which would vest upon Plaintiff's employment date,

**COMPLAINT**

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

including becoming a member of the board of managers of Defendant ENV GROUP;

c. falsely representing to Plaintiff that upon termination of employment, Plaintiff would be entitled to compensation and reimbursement for any and all services Plaintiff rendered and for reasonable business expenses incurred under the Agreement prior to the termination of employment, including, but not limited to, Plaintiff's base salary, Plaintiff's equity and profits interest in Defendant ENV NIGHT LIFE, and Plaintiff's profits interest in Defendant ENV GROUP, in addition to making Plaintiff a member of the board of managers of Defendant ENV NIGHT LIFE;

d. falsely representing that Plaintiff would be availed of additional business opportunities, including, but not limited to, the operation, management, and development of Defendants' other nightclub venues in Chicago, Illinois, Los Angeles, California, San Antonio, Texas, and Austin, Texas;

e. as new nightlife properties and real estate developments were acquired by Defendants throughout the United States, falsely representing to Plaintiff that he would be part of the "opening" team for each of these newly acquired properties and developments;

f. failing and refusing to adequately capitalize the ENV DEFENDANTS and render the ENV DEFENDANTS operational;

- 31 -

**COMPLAINT**

g.  failing and refusing to pay Plaintiff his base salary of Two Hundred Fifty Thousand Dollars ($250,000.00) per year, payable on a no less than monthly monthly basis, a twenty percent (20%) equity and profits interest in Defendant ENV NIGHT LIFE, in addition to a three percent (3%) profits interest in Defendant ENV GROUP, half of which vested upon Plaintiff's employment date, despite Plaintiff's full performance and reliance upon Defendants' representations to the contrary;

h.  failing and refusing to make Plaintiff a member of the board of managers of Defendant ENV NIGHT LIFE;

i.  failing and refusing to avail Plaintiff of additional business opportunities, including, but not limited to, the operation, management, and development of Defendants' other nightclub venues in Chicago, Illinois, Los Angeles, California, San Antonio, Texas, and Austin, Texas, and

j.  as new nightlife properties and real estate developments were acquired by Defendants throughout the United States, failing and refusing to make Plaintiff a part of the "opening" team for each of these newly acquired properties and developments.

100.  Plaintiff placed confidence and trust in Defendant LYND in the performance of his duties as manager of Defendant ENV GROUP. Defendant LYND betrayed this trust. Defendant LYND's actions represent a breach of his fiduciary duties.

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

101.    Defendant LYND's breaches of fiduciary duties directly and proximately caused Plaintiff's actual and compensatory damages in an amount according to proof at trial, but which Plaintiff estimates at no less than One Hundred Twenty Thousand Dollars ($120,000.00).

102.    Plaintiff should be placed in the same position he would have occupied had Defendant LYND properly performed his fiduciary duties.

103.    Also, as a further direct and proximate result of Defendant LYND's breaches of his fiduciary duties, Plaintiff has been required to retain the services of an attorney to prosecute this action and has been damaged thereby; as such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

## SEVENTH CLAIM FOR RELIEF

**(By Plaintiff For Deceptive Trade Practices Under *Bus. & Prof. Code* § 17200, *et seq*. Against Defendants, and Does 1-25, inclusive)**

104.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 103, inclusive, of this Complaint and by reference thereto, incorporates the same as though more fully set forth herein.

105.    Defendants' conduct as described herein was unlawful, unfair, and/or fraudulent and thus constitutes unfair competition under California's Unfair Competition Law, *Business and Professions Code* § 17200, *et seq*. (the "UCL"), and under common law, because, *inter alia*, any utility of the wrongful conduct alleged

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

- 33 -

**COMPLAINT**

herein is outweighed by the gravity of harm to Plaintiff.

106.    Furthermore, Defendants' conduct offended established public policy and/or is immoral, unethical, oppressive and/or unscrupulous within the meaning of established California case law that defines the scope of "unfair" conduct under UCL actions other than those between business competitors.

107.    Plaintiff is informed and believes, and on that basis alleges, that such conduct primarily includes, but is not limited to, **Defendants' following actions during the time period of on or about October 2013  through the present**:

    a. failing and refusing to adequately capitalize the ENV DEFENDANTS and render the ENV DEFENDANTS operational;

    b. failing and refusing to pay Plaintiff his base salary of Two Hundred Fifty Thousand Dollars ($250,000.00) per year, payable on a no less than monthly basis, a twenty percent (20%) equity and profits interest in Defendant ENV NIGHT LIFE, in addition to a three percent (3%) profits interest in Defendant ENV GROUP, half of which vested upon Plaintiff's employment date;

    c. failing and refusing to make Plaintiff a member of the board of managers of Defendant ENV NIGHT LIFE;

    d. failing and refusing  to avail Plaintiff of additional business opportunities, including, but not limited to, the operation,

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8456

**COMPLAINT**

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715/ Fax: (949) 266-8406

management, and development of Defendants' other nightclub venues in Chicago, Illinois, Los Angeles, California, San Antonio, Texas, Austin, Texas, and

e. as new nightlife properties and real estate developments were acquired by Defendants throughout the United States, failing and refusing to have Plaintiff as part of the "opening" team in each of these newly acquired properties and developments.

108.  From on or about October 2013 to the present, Defendants have continuously, intentionally and knowingly made misrepresentations to Plaintiff, including, but not limited to, the following misrepresentations:

a. intentionally and/or negligently misrepresenting to Plaintiff that shortly after Plaintiff accepted his employment with Defendants, the ENV DEFENDANTS would be adequately capitalized and operational;

b. intentionally and/or negligently misrepresenting to Plaintiff that if Plaintiff accepted the Position and performed his managerial duties for Defendants, Plaintiff would receive a base salary of Two Hundred Fifty Thousand Dollars ($250,000.00) per year, payable on a monthly basis; a twenty percent (20%) equity and profits interest in Defendant ENV NIGHT LIFE; a three percent (3%)

- 35 -

**COMPLAINT**

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

profits interest in Defendant ENV GROUP, half of which would vest upon Plaintiff's employment date, in addition to becoming a member of the board of managers of Defendant ENV GROUP;

c.  falsely representing to Plaintiff that upon termination of employment, Plaintiff would be entitled to compensation and reimbursement for all services Plaintiff rendered and for reasonable business expenses incurred under the Agreement prior to the termination of employment, including, but not limited to, Plaintiff's base salary, Plaintiff's equity and profits interest in Defendant ENV NIGHT LIFE, and Plaintiff's profits participation interest in Defendant ENV GROUP;

d.  falsely representing to Plaintiff that he would become a member of the board of managers of Defendant ENV NIGHT LIFE;

e.  falsely representing to Plaintiff that he would be availed of additional business opportunities, including, but not limited to, the operation, management, and development of Defendants' other nightclub venues in Chicago, Illinois, Los Angeles, California, San Antonio, Texas, Austin, Texas, and

f.  as new nightlife properties and real estate developments were acquired by Defendants throughout the United States, falsely

- 36 -

**COMPLAINT**

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

representing to Plaintiff that he would be part of the "opening" team in each of these newly acquired properties and developments.

109.   As a direct and proximate result of these actions and misrepresentations, Plaintiff has suffered significant damages from on or about October 2013 to the present.

110.   Defendants' actions have directly and proximately caused Plaintiff actual and compensatory damages, in an amount according to proof at trial, but which Plaintiff estimates at no less than One Hundred Twenty Thousand Dollars ($120,000.00).

111.   Also, as a further direct and proximate result of Defendants' actions, Plaintiff has been required to retain the services of an attorney to prosecute this action and has been damaged thereby; as such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

## EIGHTH CLAIM FOR RELIEF

**(By Plaintiff For Intentional Misrepresentation (Fraud) Against Defendants, and Does 1-25, inclusive)**

112.   Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 111, inclusive, of this Complaint and by reference thereto, incorporates the same as though more fully set forth herein.

113.   In order to induce Plaintiff to enter into the Agreement and accept the Position, Defendants made a number of representations to Plaintiff, including, but not limited to the following:

- 37 -

**COMPLAINT**

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92512
Phone: (949) 502-7715 / Fax: (949) 266-8406

a. intentionally and/or negligently misrepresenting to Plaintiff that shortly after Plaintiff accepted his employment with Defendants, the ENV DEFENDANTS would be adequately capitalized and operational;

b. intentionally and/or negligently misrepresenting to Plaintiff that if Plaintiff accepted the Position and performed his managerial duties for Defendants, Plaintiff would receive a base salary of Two Hundred Fifty Thousand Dollars ($250,000.00) per year, payable on a no less than monthly basis, a twenty percent (20%) equity and profits interest in Defendant ENV NIGHT LIFE, and a three percent (3%) profits interest in Defendant ENV GROUP, half of which would vest upon Plaintiff's employment date, in addition to becoming a member of the board of managing managers of Defendant ENV GROUP;

c. falsely representing to Plaintiff that upon termination of employment, Plaintiff would be entitled to compensation and reimbursement for any and all services Plaintiff rendered and for reasonable business expenses incurred under the Agreement prior to the termination of employment, including, but not limited to, Plaintiff's base salary, Plaintiff's equity and profits interest in Defendant ENV NIGHT LIFE, and Plaintiff's profits interest in Defendant ENV GROUP pursuant to Section IV of the Agreement;

d. falsely representing to Plaintiff that he would be availed of additional business opportunities, including, but not limited to, the operation, management, and

- 38 -

**COMPLAINT**

development of Defendants' other nightclub venues in Chicago, Illinois, Los Angeles, California, San Antonio, Texas, Austin, Texas, and

e. falsely representing to Plaintiff that as new nightlife properties and real estate developments were acquired by Defendants throughout the United States, Plaintiff would be part of the "opening" team for each of these newly acquired properties and developments.

114. Plaintiff is informed and believes, and thereon alleges, that these representations were false.

115. Plaintiff relied on these representations in deciding to enter into the Agreement with Defendants and accepting the position of President with Defendant ENV NIGHT LIFE.

116. Defendants represented that the statements regarding the terms of the Agreement and Plaintiff's employment with Defendants were true upon making them to Plaintiff. Plaintiff is informed and believes, and on that basis alleges, that Defendants, however, knew that the statements were false when they willfully made them.

117. Plaintiff is informed and believes, and on that basis alleges, that Defendants never intended to act in the manner in which they represented to Plaintiff they would act. Plaintiff is informed and believes, and on that basis alleges, that Defendants made these statements merely to induce Plaintiff to enter into the Agreement and become employed by Defendants. Plaintiff reasonably and justifiably relied on the statements

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

**COMPLAINT**

in deciding to enter into the Agreement and become employed by Defendants.

118.    Plaintiff did not discover, and could not have reasonably discovered, the fraudulent actions of Defendants until on or about April 2014, after Defendants' repeated refusal and failure to pay Plaintiff all amounts due and owing to him per the terms of the Agreement and despite Plaintiff's notice of Defendants' material breaches of the Agreement. A reasonably prudent person in Plaintiff's position would not have discovered the fraudulent conduct earlier than this point in time.

119.    Defendants' knowing, willful and intentional misconduct has directly and proximately caused Plaintiff actual and compensatory damages in an amount according to proof at trial, but which Plaintiff estimates at no less than One Hundred Twenty Thousand Dollars ($120,000.00).

120.    Through their inducement of Plaintiff, Defendants acted in a willful, malicious, outrageous and intentional manner and with reckless disregard to the financial interests of Plaintiff, warranting the imposition of punitive damages according to proof at trial.

121.    Also, as a further direct and proximate result of Defendants' actions, Plaintiff has been required to retain the services of an attorney to prosecute this action and has been damaged thereby; as such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

//

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

- 40 -

**COMPLAINT**

## NINTH CLAIM FOR RELIEF

### (By Plaintiff For Negligent Misrepresentation (Fraud) Against Defendants, and Does 1-25, inclusive)

122.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 121, inclusive, of this Complaint and by reference thereto, incorporates the same as though more fully set forth herein.

123.    In order to induce Plaintiff to enter into the Agreement and accept the Position offered by Defendants, Defendants made a number of representations to Plaintiff, including, but not limited to the following:

a. intentionally and/or negligently misrepresenting to Plaintiff that shortly after Plaintiff accepted his employment with Defendants, the ENV DEFENDANTS would be adequately capitalized and operational;

b. intentionally and/or negligently misrepresenting to Plaintiff that if Plaintiff accepted the Position and performed his managerial duties for Defendants, Plaintiff would receive a base salary of Two Hundred Fifty Thousand Dollars ($250,000.00) per year, payable on no less than a monthly basis, a twenty percent (20%) equity and profits interest in Defendant ENV NIGHT LIFE, and a three percent (3%) profits interest in Defendant ENV GROUP, half of which

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

- 41 -

**COMPLAINT**

would vest upon Plaintiff's employment date, in addition to becoming a member of the board of managing managers of Defendant ENV GROUP;

c.  intentionally and/or negligently representing to Plaintiff that upon termination of employment, Plaintiff would be entitled to compensation and reimbursement for any and all services Plaintiff rendered and for reasonable business expenses incurred under the Agreement prior to the termination of employment, including, but not limited to, Plaintiff's base salary, Plaintiff's equity and profits interest in Defendant ENV NIGHT LIFE, and Plaintiff's profits interest in Defendant ENV GROUP pursuant to Section IV of the Agreement;

d.  intentionally and/or negligently representing to Plaintiff that it would be availed of additional business opportunities, including, but not limited to, the operation, management, and development of Defendants' other nightclub venues in Chicago, Illinois, Los Angeles, California, San Antonio, Texas, Austin, Texas, and

e.  intentionally and/or negligently representing to Plaintiff that as new nightlife properties and real estate developments were acquired by Defendants throughout the United States, Plaintiff would be part of

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

**COMPLAINT**

the "opening" team for each of these newly acquired properties and developments.

124.    Plaintiff is informed and believes, and thereon alleges, that these representations were false.

125.    Plaintiff is informed and believes, and thereon alleges, that Defendants made these representations with no reasonable grounds for believing them to be true, and knew or should have known that those representations were false.

126.    Plaintiff relied on these representations in deciding to enter into the Agreement and accept the Position with Defendants.

127.    Plaintiff did not discover, and could not have reasonably discovered, the fraudulent actions of Defendants until on or about April 2014.  During this time, Defendants refused and failed to pay Plaintiff all amounts due and owing to him per the Agreement, despite Plaintiff's notice of Defendants' material breaches of the Agreement.  A reasonably prudent person in Plaintiff's position would not have discovered the fraudulent conduct earlier than this point in time.

128.    Defendants' fraud and deceit has directly and proximately caused Plaintiff actual and compensatory damages in an amount according to proof at trial but which Plaintiff estimates at no less than One Hundred Twenty Thousand Dollars ($120,000.00).

129.    Also, as a further direct and proximate result of Defendants' actions,

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715/ Fax: (949) 266-8406

**COMPLAINT**

Plaintiff has been required to retain the services of an attorney to prosecute this action and has been damaged thereby; as such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

## TENTH CLAIM FOR RELIEF

### (By Plaintiff For Conversion Against Defendants, and Does 1-25, inclusive)

130.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 128, inclusive, of this Complaint and by reference thereto, incorporates the same as though more fully set forth herein.

131.    Plaintiff is entitled to, and is the owner of the amount of Plaintiff's accrued base salary, in the amount of One Hundred Twenty Thousand Dollars ($120,000.00), a twenty percent (20%) equity and profits interest in Defendant ENV NIGHT LIFE, and a three percent (3%) profits interest in Defendant ENV GROUP which vested upon Plaintiff's employment date, to which Plaintiff is entitled to per the terms of the Agreement and pursuant to which Plaintiff fully performed.

132.    Plaintiff is informed and believes, an on that basis alleges, that Defendants wrongfully converted Plaintiff's funds for their own use.    Plaintiff is informed and believes, and on that basis alleges, that Defendants used some or all of the funds to which Plaintiff is entitled per the Agreement.

133.    Defendants induced Plaintiff to enter into the Agreement and accept the Position with Defendants, without properly compensating Plaintiff pursuant to the terms

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 265-8406

**COMPLAINT**

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

of the Agreement.  Defendants failed to pay Plaintiff these funds as they had previously agreed to pay, and further refused and failed to respond to Plaintiff's demands for payment of the outstanding amounts still due and owing from Defendants.

134.   The wrongful acts of Defendants have directly and proximately caused Plaintiff actual and compensatory damages in an amount according to proof at trial.

135.   Plaintiff is informed and believes, and on that basis alleges, that the wrongful acts of conversion alleged herein were performed in conscious disregard of the rights of Plaintiff and were performed with malice and oppression, and were despicable. In addition, the acts were performed intentionally, willfully and with knowledge, thus entitling Plaintiff to recovery of punitive damages according to proof at the time of trial, but which Plaintiff estimates at no less than One Hundred Twenty Thousand Dollars ($120,000.00).

136.   Also, as a further direct and proximate result of Defendants' actions, Plaintiff has been required to retain the services of an attorney to prosecute this action and has been damaged thereby; as such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

## ELEVENTH CLAIM FOR RELIEF

**(By Plaintiff For Promissory Estoppel Against Defendants, and Does 1-25, inclusive)**

137.   Plaintiff repeats and re-alleges the allegations contained in paragraphs 1

**COMPLAINT**

through 136, inclusive, of this Complaint and by reference thereto, incorporates the same as though more fully set forth herein.

138.    From on or about October 2013 to the present, Defendants have made representations to Plaintiff, orally and in the Agreement, including, but not limited to, the following:

    a.  intentionally and/or negligently misrepresenting to Plaintiff that shortly after Plaintiff accepted the Position with Defendants, the ENV DEFENDANTS would be adequately capitalized and operational shortly thereafter;

    b.  intentionally and/or negligently misrepresenting to Plaintiff that if Plaintiff accepted the Position with Defendants and performed his managerial duties for Defendants, Plaintiff would receive a base salary of Two Hundred Fifty Thousand Dollars ($250,000.00) per year, payable on a no less than monthly basis, a twenty percent (20%) equity and profits interest in Defendant ENV NIGHT LIFE, and a three percent (3%) profits interest in Defendant ENV GROUP, half of which would vest upon the date of the execution of a written agreement, in addition to becoming a member of the board of managing members of Defendant ENV GROUP;

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

- 46 -

**COMPLAINT**

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

c. falsely representing to Plaintiff that upon termination of employment, Plaintiff would be entitled to compensation and reimbursement for any and all services Plaintiff rendered and for reasonable business expenses incurred under the Agreement prior to the termination of employment, including, but not limited to, Plaintiff's base salary, Plaintiff's equity and profits interest in Defendant ENV NIGHT LIFE, and Plaintiff's profits interest in Defendant ENV GROUP;

d. falsely representing to Plaintiff that he would be availed of additional business opportunities, including, but not limited to, the operation, management, and development of Defendants' other nightclub venues in Chicago, Illinois, Los Angeles, California, San Antonio, Texas, Austin, Texas, and

e. falsely representing to Plaintiff that as new nightlife properties and real estate developments were acquired by Defendants throughout the United States, Plaintiff would be part of the "opening" team for each of these newly acquired properties and developments.

139. Defendants knew and intended that Plaintiff would change his position in reliance on these representations.

140. Plaintiff, at the times these representations were made by Defendants was

- 47 -

**COMPLAINT**

ignorant of the falsity of Defendants' representations and believed them to be true.

141.    In reliance on these representations Plaintiff was induced to, and did, accept employment with Defendants as the President of Defendant ENV NIGHT LIFE.  Had Plaintiff known the actual facts, Plaintiff would not have taken such actions as accepting employment with Defendants and resigning from his then-current position as a Director of Nightlife with SBE, in good standing, wherein he was receiving an annual base salary of Two Hundred Fifty Thousand Dollars ($250,000.00), not including other benefits, bonuses, and incentives.  In reliance upon Defendants' representations and in executing the Agreement, Plaintiff was offered, and ultimately declined, several partnership opportunities in SBE's night club ventures in Los Angeles, California, in addition to a pay raise which would have exceeded his then-current annual base salary of Two Hundred Fifty Thousand Dollars ($250,000.00) to relocate to Las Vegas, Nevada, for a separate hotel opportunity on SBE's behalf.

142.    Plaintiff's reliance on Defendants' representations was justified because Defendants represented to Plaintiff that they were honest, experienced business entities and persons, and Plaintiff had no reason to believe that these representations were false.

143.    As a direct and proximate result of Plaintiff's reliance on Defendants' promises to perform, Plaintiff fully performed pursuant to the Agreement and is owed an outstanding amount no less than One Hundred Twenty Thousand Dollars ($120,000.00) by Defendants.  By reason of this, Plaintiff has sustained significant

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone (949) 502-7715 / Fax: (949) 265-8406

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

damages in an amount to be determined at trial, but which Plaintiff estimates at no less than One Hundred Twenty Thousand Dollars ($120,000.00).

144.   Also, as a further direct and proximate result of Defendants' actions, Plaintiff has been required to retain the services of an attorney to prosecute this action and has been damaged thereby; as such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

## TWELFTH CLAIM FOR RELIEF

### (By Plaintiff For Unjust Enrichment Against Defendants and Does 1-25, inclusive)

145.   Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 144, inclusive, of this Complaint and by reference thereto, incorporates the same as though more fully set forth herein.

146.   Pursuant to the terms of the Agreement, Plaintiff has fully performed his obligations, including, but not limited to, his managerial duties as the President of Defendant ENV NIGHT LIFE.  In performing such actions, Plaintiff conferred a clear benefit on Defendants.

147.   Defendants have retained that benefit for themselves and to the severe detriment of Plaintiff, as Defendants have failed and refused, and continue to fail and refuse, to pay Plaintiff his annual salary of Two Hundred Fifty Thousand Dollars ($250,000.00), payable on a no less than monthly basis, the twenty percent (20%) equity

**COMPLAINT**

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

and profits interest in Defendant ENV NIGHT LIFE, and the three percent (3%) profits interest in Defendant ENV GROUP, half of which vested upon Plaintiff's employment date.

148.    Defendants have accepted and retained the benefit conferred upon them by Plaintiff by retaining the entire amount of Plaintiff's base salary and compensation as described herein, which rightfully belongs to Plaintiff.

149.    As a direct result of Defendants' retention of the financial benefit conferred upon them by Plaintiff, Defendants have been unjustly enriched at the expense of Plaintiff.

150.    Defendants' retention of the financial benefits conferred upon them by Plaintiff has directly and proximately caused Plaintiff actual and compensatory damages in an amount according to proof at trial, but which Plaintiff estimates at no less than One Hundred Twenty Thousand Dollars ($120,000.00).

151.    Also, as a further direct and proximate result of Defendants' actions, Plaintiff has been required to retain the services of an attorney to prosecute this action and has been damaged thereby; as such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

## THIRTEENTH CLAIM FOR RELIEF

### (By Plaintiff For Accounting Against All Defendants, and Does 1-25, inclusive)

152.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1

**COMPLAINT**

through 151, inclusive, of this Complaint and by reference thereto, incorporates the same as though more fully set forth herein.

153.    Plaintiff is informed and believes, and on that basis alleges, that Defendants are in possession of the books, records, funds, assets, documents and accounts of Defendant ENV GROUP.  Plaintiff is further informed and believes, and on that basis alleges that Defendants have mismanaged, diverted, and failed to properly account for the profits, assets, and monies of Defendant ENV GROUP.  The true amount of assets and liabilities, and the degree and amount of improperly diverted or converted limited liability company assets and funds, are unknown to Plaintiff and cannot be ascertained without a full accounting of all profits and losses that have occurred from January 1, 2013 to the present.

154.    Plaintiff is informed and believes, and on that basis alleges, that Defendants have failed to keep accurate books and records of Defendant ENV GROUP.  Plaintiff has, time and again, demanded a full and complete accounting.  Defendants have, time and again, failed and refused to provide a full accounting.

155.    Defendants have also failed and refused to make fully available the financial records and/or books of Defendant ENV GROUP, and such other information and documents necessary to determine the financial stability and/or condition of Defendant ENV GROUP.

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

**COMPLAINT**

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

156.    Plaintiff is entitled, as one point five percent (1.5%) member in Defendant ENV GROUP and furthermore as a member of the board of managing members of Defendant ENV GROUP, to recover all assets converted by Defendants, or wrongfully transferred to third parties by Defendants, or the proceeds of those assets.

157.    Plaintiff is informed and believes, and on that basis alleges, that some of these converted or transferred assets may now be in the possession of Defendants, and that such assets may have been converted or transferred into other forms of personal property.

158.    Plaintiff is informed and believes, and on that basis alleges, that a full accounting is required in order to determine the current financial state of Defendant ENV GROUP.

159.    Plaintiff is informed and believes, and thereon alleges, that without a full accounting, Defendants, as well as their successors, transferees, assigns, and co-conspirators, would be unjustly enriched to the detriment of Plaintiff.

160.    Also, as a further direct and proximate result of Defendants' actions, Plaintiff has been required to retain the services of an attorney to prosecute this action and has been damaged thereby; as such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

//

//

**COMPLAINT**

## FOURTEENTH CLAIM FOR RELIEF

**(By Plaintiff For Accounting Against All Defendants Pursuant to *California Labor Code* § 226(b), and Does 1-25)**

161.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 160, inclusive, of this Complaint and by reference thereto, incorporates the same as though more fully set forth herein.

162.    Each of the Defendants was Plaintiff's employer throughout the Employment Period.

163.    Each of the Defendants failed to pay compensation due to Plaintiff during the entire Employment Period attributable to Plaintiff's earned wages, the twenty percent (20%) equity and profits interest in Defendant ENV NIGHT LIFE, and the three percent (3%) profits interest in Defendant ENV GROUP, and any reasonable business or travel expenses incurred by Plaintiff during the Employment Period.

164.    The amount of unpaid compensation as described above is believed to be well in excess of One Hundred Twenty Thousand Dollars ($120,000.00).

165.    The amount of money due from each of the Defendants to Plaintiff, as well as the amount otherwise payable by each of the Defendants to various government agencies cannot be determined without an accounting of compensation due and owing to Plaintiff.    Accordingly, an accounting is required and requested to address these matters.

**COMPLAINT**

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715/ Fax: (949) 266-8406

The Amini Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

## FIFTEENTH CLAIM FOR RELIEF

### (By Plaintiff For Constructive Trust Against All Defendants, and Does 1-25)

166.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 165, inclusive, of this Complaint and by reference thereto, incorporates the same as though more fully set forth herein.

167.    Plaintiff is informed and believes, and on that basis alleges, that Defendants fraudulently retained funds to which Plaintiff is rightfully entitled, and breached contracts and  various duties to Plaintiff by actions including, but not limited to, the following:

    a.  intentionally and/or negligently misrepresenting to Plaintiff that shortly after Plaintiff accepted the Position with Defendants, the ENV DEFENDANTS would be adequately capitalized and operational;

    b.  intentionally and/or negligently misrepresenting to Plaintiff that if Plaintiff accepted the Position and performed his managerial duties for Defendants, Plaintiff would be entitled to receive a base salary of Two Hundred Fifty Thousand Dollars ($250,000.00) per year, payable on a no less than monthly basis, a twenty percent (20%) equity and profits interest in Defendant ENV NIGHT LIFE,  a three percent (3%) profits interest in Defendant ENV GROUP, half of

**COMPLAINT**

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

which would vest upon Plaintiff's employment date, and Plaintiff would also become a member of the board of managers of Defendant ENV NIGHT LIFE;

c.  falsely representing to Plaintiff that upon termination of employment, Plaintiff would receive compensation and reimbursement for any and all services Plaintiff rendered and for reasonable business expenses under the Agreement prior to the termination of employment, including, but not limited to, Plaintiff's base salary, Plaintiff's equity and profits interest in Defendant ENV NIGHT LIFE, Plaintiff's profits interest in Defendant ENV GROUP, in addition to becoming a member of the board of managers of Defendant ENV NIGHT LIFE.

d.  falsely representing to Plaintiff that he would be availed of additional business opportunities, including, but not limited to, the operation, management, and development of Defendants' other nightclub venues in Chicago, Illinois, Los Angeles, California, San Antonio, Texas, Austin, Texas;

e.  falsely representing to Plaintiff that as new nightlife properties and real estate developments were acquired by Defendants throughout

**COMPLAINT**

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

the United States, Plaintiff would be part of the "opening" team for each of these newly acquired properties and developments;

f. failing and refusing to adequately capitalize the ENV DEFENDANTS and render the ENV DEFENDANTS operational;

g. failing and refusing to pay Plaintiff his base salary of Two Hundred Fifty Thousand Dollars ($250,000.00), payable on a no less than monthly basis, the twenty percent (20%) equity and profits interest in Defendant ENV NIGHT LIFE, and the three percent (3%) profits interest in Defendant ENV GROUP, half of which vested upon Plaintiff's employment date;

h. failing and refusing to make Plaintiff a member of the board of managers of Defendant ENV NIGHT LIFE;

i. failing and refusing to avail Plaintiff of additional business opportunities, including, but not limited to, the operation, management, and development of Defendants' other nightclub venues in Chicago, Illinois, Los Angeles, California, San Antonio, Texas, Austin, Texas, and

j. failing and refusing to make Plaintiff a part of the "opening" team for each of Defendants' newly acquired properties and developments.

- 56 -

**COMPLAINT**

168.   Defendants' actions in these regards were both fraudulent and in breach of Defendant Lynd's fiduciary duties owed by him to Plaintiff, and in breach of the Agreement.

169.   Plaintiff is informed and believes, and on that basis alleges, that by virtue of Defendants' duplicitous conduct, Defendants hold the One Hundred Twenty Thousand Dollars ($120,000.00), the twenty percent (20%) equity and profits interest in Defendant ENV NIGHT LIFE, and the three percent (3%) profits interest in Defendant ENV GROUP, half of which vested as of Plaintiff's employment date, in a constructive trust for the benefit of Plaintiff.  A constructive trust must be imposed upon such returns and assets for the benefit and protection of Plaintiff, regardless of whether such returns and assets are currently held by Defendants or have been transferred to third parties.

170.   Plaintiff is informed and believes, and on that basis alleges, that a full accounting is required in order to determine the extent of the returns and assets which have been unjustly diverted and withheld from Plaintiff by Defendants.

171.   Plaintiff is informed and believes, and thereon alleges, that without a full accounting and the imposition of a constructive trust, Defendants as well as their successors, transferees and assigns, would be unjustly enriched in an amount directly proportional to the detriment of Plaintiff.

172.   Also, as a further direct and proximate result of Defendants' actions, Plaintiff has been required to retain the services of an attorney to prosecute this action

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

**COMPLAINT**

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715/ Fax: (949) 266-8406

and has been damaged thereby; as such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

## SIXTEENTH CLAIM FOR RELIEF

**(By Plaintiff For Restitution Against Defendants, and Does 1-25, inclusive)**

173.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 172, inclusive, of this Complaint and by reference thereto, incorporates the same as though more fully set forth herein.

174.    As an alternative to traditional contract damages, Plaintiff has a right to restoration or reimbursement and is entitled to restitution of the funds which Defendants wrongfully converted.

175.    Defendants obtained and retained Plaintiff's funds and amounts owed to Plaintiff by fraud, negligence, and breaches of multiple various duties.    Therefore, Defendants were unjustly enriched at Plaintiff's expense, and Plaintiff should be awarded the amount of funds he was entitled to receive in exchange for fully performing pursuant to the terms of the Agreement.

176.    Specifically,    **Defendants materially breached the terms of the Agreement and Defendant Lynd further breached his fiduciary duties by and through the following actions during the time period of on or about October 2013 through the present**:

- 58 -

**COMPLAINT**

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8405

a. failing and refusing to adequately capitalize the ENV DEFENDANTS and render the ENV DEFENDANTS operational;

b. failing and refusing to pay Plaintiff his base salary amount of One Hundred Twenty Thousand Dollars ($120,000.00), the twenty percent (20%) equity and profits interest in Defendant ENV NIGHT LIFE, and the three percent (3%) profits interest in Defendant ENV GROUP, half of which vested upon Plaintiff's employment date;

c. failing and refusing to make Plaintiff a member of the board of managers of Defendant ENV NIGHT LIFE;

d. failing and refusing to avail Plaintiff of additional business opportunities, including, but not limited to, the operation, management, and development of Defendants' other nightclub venues in Chicago, Illinois, Los Angeles, California, San Antonio, Texas, and Austin, Texas, and

e. as new nightlife properties and real estate developments were acquired by Defendants throughout the United States, failing and refusing to make Plaintiff part of the "opening" team for each of these newly acquired properties and developments.

177.    From on or about October 2013 through the present, Defendants have continually made false representations to Plaintiff, including, but not limited to, the

following:

    a. intentionally and/or negligently misrepresenting to Plaintiff that shortly after Plaintiff accepted the Position with Defendants, the ENV DEFENDANTS would be adequately capitalized and operational;

    b. intentionally and/or negligently misrepresenting to Plaintiff that if Plaintiff accepted the Position with Defendants and performed his managerial duties for Defendants, Plaintiff would receive a base salary of Two Hundred Fifty Thousand Dollars ($250,000.00) per year, payable on a no less than monthly basis, a twenty percent (20%) equity and profits interest in Defendant ENV NIGHT LIFE and a three percent (3%) profits interest in Defendant ENV GROUP, half of which would vest upon Plaintiff's employment date, in addition to becoming a member of the board of managing members of Defendant ENV GROUP;

    c. falsely representing to Plaintiff that upon termination of employment, Plaintiff would receive compensation and reimbursement for any and all services Plaintiff rendered and for reasonable business expenses incurred under the Agreement prior to the termination of employment, including, but not limited to,

**COMPLAINT**

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715/Fax: (949) 266-8406

Plaintiff's base salary, Plaintiff's equity and profits interest in Defendant ENV NIGHT LIFE, and Plaintiff's profits interest in Defendant ENV GROUP;

d.  falsely representing to Plaintiff that he would become a member of the board of managers of Defendant ENV NIGHT LIFE;

e.  falsely representing that Plaintiff would be availed of additional business opportunities, including, but not limited to, the operation, management, and development of Defendants' other nightclub venues in Chicago, Illinois, Los Angeles, California, San Antonio, Texas, Austin, Texas, and

f.  falsely representing that as new nightlife properties and real estate developments were acquired by Defendants throughout the United States, Plaintiff would be part of the "opening" team for each of these newly acquired properties and developments.

178.  As Defendants obtained and retained Plaintiff's funds and amounts owed to Plaintiff by fraud, negligence, and breaches of multiple duties, it would be unjust to allow Defendants to retain these funds. Accordingly, all of the funds to which Plaintiff is entitled, should be returned to Plaintiff.

179.  Also, as a further direct and proximate result of Defendants' actions, Plaintiff has been required to retain the services of an attorney to prosecute this action

**COMPLAINT**

and has been damaged thereby; as such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

## SEVENTEENTH CLAIM FOR RELIEF

**(By Plaintiff for the Appointment of a Receiver Under *Cal. Code Civ. Proc.* § 564(b)(9) Against Defendants, and Does 1-25, inclusive)**

180.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 179, inclusive, of this Complaint and by reference thereto, incorporates the same as though more fully set forth herein.

181.    A receiver may be appointed by the Court in which an action or proceeding is pending in any case in which the Court is empowered by law to appoint a receiver pursuant to *California Code of Civil Procedure* § 564.

182.    The Court has the power to appoint a receiver *ex parte* under certain circumstances on a proper showing of need therefor.

183.    A receiver should be appointed immediately in this case because Defendants hold the full amount of Plaintiff's base salary amount of One Hundred Twenty Thousand Dollars ($120,000.00), along with the twenty percent (20%) equity and profits interest in Defendant ENV NIGHT LIFE and the three percent (3%) profits interest in Defendant ENV GROUP, half of which vested upon Plaintiff's employment date, and control all of the abovementioned funds which should have been paid to Plaintiff.

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

- 62 -

**COMPLAINT**

184.    Defendants have further refused to allow Plaintiff to physically inspect and copy all pertinent accounting books and records at Defendant ENV GROUP's premises pursuant to *California Corporations Code* § 17106.  Therefore, without the immediate appointment of a receiver, Defendants will be able to divert the full amount of Plaintiff's funds in such a way that Plaintiff would not be able to recover his funds.

185.    Additionally, Defendants could abscond with the full amount of Plaintiff's funds which he rightfully earned and to which he is entitled.  Plaintiff will suffer irreparable injury if a receiver is not immediately appointed.

186.    Plaintiff is informed and believes, and on that basis alleges, that the funds to which Plaintiff is rightfully entitled are being held by the following individuals and entities:

a.    Defendant ENV NIGHT LIFE, 1209 Orange Street, Wilmington, Delaware 19801;

b.    Defendant ENV GH, 1209 Orange Street, Wilmington, Delaware 19801;

c.    Defendant ENV GROUP, 1209 Orange Street, Wilmington, Delaware 19801, and

d.    Defendant LYND, 2200 Hercules Drive, Los Angeles, California 90046.

187.    Plaintiff is informed and believes, and on that basis alleges, that Defendants have diverted Plaintiff's funds which Plaintiff rightfully earned and to which he is entitled, in order to use Plaintiff's funds for Defendants' own benefit and gain.  Plaintiff

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

- 63 -

**COMPLAINT**

is also informed and believes, and on that basis alleges, that Defendant LYND may have diverted Plaintiff's funds for his own personal use.

188.    Also, as a further direct and proximate result of Defendants' actions, Plaintiff has been required to retain the services of an attorney to prosecute this action and has been damaged thereby; as such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff prays for relief as follows:

1.  For judgment against Defendants for actual and compensatory damages in an amount according to proof at trial, but which amount Plaintiff approximates at no less than One Hundred Twenty Thousand Dollars ($120,000.00);

2.  For special, consequential and incidental damages to Plaintiff, according to proof at trial;

3.  For reliance damages;

4.  For statutory penalties in an amount not to exceed Four Thousand Dollars ($4,000.00) against each of the Defendants, subject to proof at trial consistent with *California Labor Code* § 226(e);

5.  For punitive and exemplary damages, according to proof at trial;

6.  For prejudgment interest at the statutory rate;

7.  For Plaintiff's attorneys' fees and costs as recoverable under California law;

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

**COMPLAINT**

8. That Defendants be enjoined from further deceptive trade practices;

9. For a full accounting of all of Defendant ENV GROUP's profits and losses that have occurred from January 1, 2013 to the present;

10. For a full accounting of Plaintiff's wages and itemized wage statements accrued during the Employment Period from on or about October 25, 2013 to the present consistent with *California Labor Code* § 226(b);

11. That a constructive trust for the benefit of Plaintiff be imposed on Plaintiff's and funds which are being held by Defendants;

12. That a receiver be immediately appointed in order to receive the full amount of Plaintiff's funds to which he is entitled;

13. That Defendants be estopped from continuing to retain and control Plaintiff's funds; and

14. For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the *Federal Rules of Civil Procedure.*

DATED this _22nd_ day of January, 2015

By: _____

Ismail Amin, Esq.
THE AMIN LAW GROUP, LTD.
***Attorneys for Plaintiff Anthony Daly***

The Amin Law Group, Ltd.
2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Phone: (949) 502-7715 / Fax: (949) 266-8406

**COMPLAINT**

EXHIBIT A

Execution Copy

## EMPLOYMENT AGREEMENT

This Agreement ("Agreement") made effective as of October **25**, 2013 (the "Effective Date") by and between EnV Night Life LLC, a Delaware limited liability company (the "Company"), and Anthony Daly (the "Executive").

WHEREAS, the Company desires to employ the Executive, and the Executive desires to accept such employment, on the terms and conditions provided in this Agreement;

NOW THEREFORE, in consideration of the foregoing premises and the mutual covenants contained in this Agreement, the parties hereby agree as follows:

### SECTION I
### EMPLOYMENT

The Company agrees to employ the Executive and the Executive agrees to be employed by the Company for the Period of Employment as provided in Section III.A. below and upon the terms and conditions provided in this Agreement.

### SECTION II
### POSITION AND RESPONSIBILITIES

During the Period of Employment, the Executive agrees to serve as the President of the Company, which will operate the nightlife division of EnV Group LLC, the Class A Member of the Company (the "Class A Member), and to be responsible for the typical management responsibilities consistent with and expected of an officer holding such position and such other responsibilities as may be assigned to the Executive from time to time by the Class A Member of the Company or his/its designees. The Executive shall report to and be subject to the oversight of the Class A Member of the Company or his/its designees and the Board of Managers of the Company or their designees. For so long as the Executive is serving in the foregoing role he shall also be a member of the board of managers of the Class A Member.

### SECTION III

### TERM AND DUTIES

A.    Period of Employment

The period of the Executive's employment under this Agreement will commence as of the Effective Date and shall continue on a two (2) year basis thereafter ("Period of Employment").

Termination by Company or the Class A Member:    Prior to the end of the Period of Employment, the Company or the Class A Member may terminate the Executive's employment

for an event of Cause, and for no other reason other than his death or disability.

Resignation by Executive:    The Executive may resign from employment at the Company at any time and for any reason, provided the Executive shall give not less than thirty (30) days' prior written notice to the Company or the Class A Member.

Termination for Cause:    For purposes hereof, "Cause" shall mean (i) the Executive's willful misconduct, willful failure to perform under this Agreement or a material breach of this Agreement or the LLC Operating Agreement, in each case which is not cured by the Executive within thirty (30) days after receipt by the Executive of written notice from the Company or the Class A Member of such willful misconduct, willful failure to perform, gross neglect or material breach, or (ii) the Executive is indicted for, or pleads nolo contendere to, common law fraud or a felony; excluding any drug possession and/or alcohol related misdemeanors (i.e. driving under the influence), or (iii) a material violation by the Executive of the Company's material written policies. A termination for Cause, death or disability shall not require prior notice.

     B.   Duties

During the Period of Employment, the Executive shall devote at least seventy-five percent (75%) of his working time, attention and skill to the business and affairs of the Company and/or its affiliates. The Executive will perform faithfully the duties that may be reasonably assigned to him from time to time by the Class A Member or its designee(s). The Executive agrees to travel as may be reasonably requested in advance by the person(s) to whom the Executive reports.

SECTION IV

COMPENSATION AND BENEFITS

     A.   Base Salary

For all services rendered by the Executive in the capacity of "President of the Nightlife Division" during the Period of Employment, the Company shall pay the Executive a base salary ("Base Salary") of Two Hundred and Fifty Thousand dollars ($250,000.00) per annum. The Base Salary shall be payable according to the customary payroll practices of the Company but in no event less frequently than once each month, pro rated for partial months. The Executive's performance will be evaluated by the Company annually.

     B.   Benefits

The Executive will be eligible to participate in all compensation or employee benefit plans or programs and receive all benefits and perquisites for which executives and managers of the Company are generally eligible under any existing or future plan or program established by the Company with respect to itself and its subsidiaries, as approved by the Class A Member. The Executive will participate to the extent permissible under the terms and provisions of such plans or programs in accordance with program provisions.

     C.   Equity Interest Grant

The Company will grant to the Executive membership interests in the Company that will constitute a twenty percent (20%) equity and profits interest in the Company and shall be subject to automatic forfeiture in the event the Executive's employment with the Company terminates

for any reason, provided that such forfeiture conditions shall lapse in twenty percent (20%) annual increments commencing on the second anniversary of the date hereof and thereafter on the anniversary date of this Agreement in equal twenty percent (20%) installments over the next five (5) years. The Class A Member will also grant to the Executive Class B membership interests the Class A Member that will constitute a three percent (3%) profits interest in the Class A Member and shall vest with respect to fifty percent (50%) of such grant on the date hereof, with the remaining fifty percent (50% vesting in twenty percent (20%) annual increments commencing on the second anniversary of the date hereof and thereafter on the anniversary date of this Agreement in equal twenty percent (20%) installments over the next five (5) years). In the event of the termination of the Executive's employment he shall retain only those membership interests that are no longer subject to forfeiture and/or have vested. All vested units will (i) be subordinate to the liquidation preferences of investors in the Class A Member or the Company that have contributed cash into such entities and (ii) be subject to the restrictions and repurchase obligations set forth in the operating agreement of the Company and the Class A Member (each, as applicable, the "LLC Agreement") to the extent that they do not contradict this section IV. C.

D.     Advance to Affiliate of Executive. Promptly following execution and delivery of this Agreement, the Company hereby promises to pay to Jaydreamin Productions, LLC, a California limited liability company controlled by the Executive ("Jaydreamin"), the sum of Fifty Thousand Dollars ($50,000.00) in order to fund such entity's activities in the operation of certain hospitality business ventures for the benefit of the Company. In the event that the Executive resigns his position under this Agreement or is terminated for Cause, the Executive and Jaydreamin hereby jointly and severally agree within ten (10) days of written notice from the Company to repay the foregoing amount to the Company as follows: (i) if such resignation or termination occurs prior to the 90 day anniversary hereof, 100% of such amount shall be returned to the Company; (ii) if such resignation or termination occurs on or after the 90 day anniversary of the date hereof but prior to the 180 day anniversary hereof, 75% of such amount shall be returned to the Company; (iii) if such resignation or termination occurs on or after the 180 day anniversary of the date hereof but prior to the 270 day anniversary hereof, 50% of such amount shall be returned to the Company; (iv) if such resignation or termination occurs on or after the 270 day anniversary of the date hereof but prior to the one year anniversary hereof, 25% of such amount shall be returned to the Company; and (v) if such resignation or termination occurs on or after the first anniversary of the date hereof, 0% of such amount shall be returned to the Company. The Executive and Jaydreamin shall pay all income taxes on the foregoing amounts and shall indemnify and hold the Company harmless against any failure to do so.

SECTION V

BUSINESS EXPENSES

The Company will reimburse the Executive for all reasonable travel and other expenses incurred by the Executive in connection with the performance of his duties and obligations under this Agreement, subject to receipt by the Company and the Executive of adequate documentation therefor. Such business expenses include, but are not limited to: meals, lodging, travel, relocation and entertainment as reasonably necessary in the interests of the Company and/or the Class A Member.

SECTION VI

EFFECT OF TERMINATION OF EMPLOYMENT

Upon termination of the Executive's employment, the Period of Employment will cease as of the date of the termination and the Company shall remain obligated to compensate and reimburse Executive for any and all services rendered and/or reasonable business expenses expended under this Agreement prior to the termination of the employment. Such compensation and reimburse includes, but is not limited to the Executive's base salary as enumerated in Section IV. A. hereto, Executive's profits participation grant as enumerated in Section IV. C. hereto, and

any and all business expenses incurred pursuant to Section V hereto.

## SECTION VII
### OTHER DUTIES OF THE EXECUTIVE DURING
### AND AFTER THE PERIOD OF EMPLOYMENT

Cooperation

The Executive will, with reasonable notice during or after the Period of Employment, furnish information as may be in his possession and cooperate with the Company as may reasonably be requested in connection with any claims or legal actions in which the Company is or may become a party, at the Company's expense.

Confidentiality

The Executive recognizes and acknowledges that all information pertaining to the affairs, business, clients, customers or other relationships of the Company, (excluding any information which is in the public domain during or after the period of service by the Executive provided the same is not in the public domain as a consequence of disclosure directly or indirectly by the Executive in violation of this Agreement), is confidential and is a unique and valuable asset of the Company. Access to and knowledge of this information are essential to the performance of the Executive's duties under this Agreement. The Executive will not during the Period of Employment or after except to the extent reasonably necessary in performance of the duties under this Agreement, give to any person, firm, association, corporation or governmental agency any information concerning the affairs, business, clients, customers or other relationships of the Company except as required by law. The Executive will not make use of this type of information for his own purposes or for the benefit of any person or organization other than the Company. All records, memoranda, etc. relating to the business of the Company whether made by the Executive or otherwise, coming into his possession are confidential and will remain the property of the Company. However nothing contained in this section shall be construed to mean that Executive is prohibited from retaining existing customer lists and records.

C.    Non-Competition and Non-Solicitation

The Executive covenants that from the Effective Date through the date his employment with the Company terminates for any reason (the "Termination Date"), and continuing from the Termination Date through six (6) months following the Termination Date (the "Non-Compete/Non-Solicitation Period"), he will not, without the prior written consent of the Company, directly or indirectly, in any manner or capacity, other than for the benefit of the Company, engage in, whether as owner, employee, consultant or lender, a Competitive Business (as defined below) within twenty five (25) square miles of where the Company is doing business or contact or solicit any persons or entities that were customers of the Company at any time during the Employment Period in connection with business that competes with the Company's business ("Competitive Business"), or otherwise induce or attempt to induce any such persons or entities to cease or diminish its or their business relationships or dealings with the Company or to do business with any person or entity other than the Company or its affiliated companies in connection with Competitive Business; provided that nothing herein shall prevent the Executive from dealing with, and retaining, his pre-existing clients so long as the Executive does not interfere with existing agreements between the Company and such clients. The Executive also agrees that during the Non-Compete/Non-Solicitation Period he will not, directly or indirectly, hire, or solicit or encourage any person who, on the date of the end of the Employment Period or at any time during the six (6) months prior to the end of the Employment Period, was an employee (or, in the case of clause (i) below only, consultant) of the Company (or its affiliated companies) to:

(i)    terminate his or her employment or consulting term or relationship with the

Company (or any of its affiliated companies); or

    (ii)   become affiliated with any company or business which is in a competing business to that of the Company (or any of its affiliated companies) and in which the Executive, either directly or indirectly (as an agent, employee, director, officer, stockholder, partner or individual proprietor, or as an investor who has made advances on loans or contributions to capital), has an interest.

The foregoing shall not restrict the Executive's passive ownership of not more than 5% of the stock of any public company that is engaged in a Competitive Business so long as the Executive provides no services to such entity or its affiliates. Further, the foregoing shall not restrict the Employee from placing advertisements in newspapers or other media of general circulation advertising employment opportunities, and from hiring persons who respond to such advertisements, provided that they were not otherwise solicited by the Executive in violation of this section.

The Executive understands that the restrictions set forth in the foregoing provisions are intended to protect the Company's interest in its confidential information and established employee, customer and client relationships and goodwill, and agrees that such restrictions are reasonable and appropriate for this purpose.

    D.    <u>Return of Company Property.</u>

    All records, files, lists, drawings, documents, models, equipment, property, computer, software or intellectual property relating to the Company's business in whatever form (including electronic) which the Executive possesses will be returned to the Company upon the termination of the Executive's employment, whether such termination is at the Executive's or the Company's request.

    E.    <u>Works-Made-For-Hire</u>

    The results and proceeds of the Executive's services hereunder, including, without limitation, any works of authorship of the Executive resulting from or relating to the Company's business and/or the Executive's services during his employment with the Company and/or any of the Company's affiliates (which shall remain the sole property of the Company), will be works-made-for hire and the Company will be deemed the sole owner throughout the universe of any and all rights of whatsoever nature therein, whether or not now or hereafter known, existing, contemplated, recognized or developed, with the right to use the same in perpetuity in any manner the Company determines in its sole discretion without any further payment to the Executive whatsoever. If, for any reason, any of such results and proceeds will not legally be a work-for-hire and/or there are any rights which do not accrue to the Company, then the Executive hereby irrevocably assigns and agrees to assign any and all of his right, title and interest thereto, including, without limitation, any and all copyrights, patents, trade secrets, trademarks and/or other rights of whatsoever nature therein, whether or not now or hereafter known, existing, contemplated, recognized or developed, to the Company, and the Company will have the right to use the same in perpetuity throughout the universe in any manner the Company determines without any further payment to the Executive whatsoever. The Executive will, from time to time, as may be requested by the Company, and at the Company's expense, do any and all things which the Company may reasonably deem useful or desirable to establish or document the Company's exclusive ownership of any rights in any such results and proceeds, including, without limitation, the execution of appropriate copyright and/or patent applications or assignments. This Section is subject to and will not be deemed to limit, restrict, or constitute any waiver by the Company of any rights of ownership to which the Company may be entitled by operation of law by virtue of the Company being the employer of the Executive.

    F.    <u>Remedies</u>

The Executive acknowledges that his breach or threatened or attempted breach of any provision of Section VII would cause irreparable harm to the Company not compensable in monetary damages and that the Company shall be entitled, in addition to all other applicable remedies, to a temporary and permanent injunction and a decree for specific performance of the terms of Section VII. The period provided and the area covered are expressly represented and agreed to be fair, reasonable and necessary. If, however, any court or arbitrator determines that the restrictions described herein are not reasonable, the court or arbitration panel may modify, rewrite or interpret such restrictions to include as much of their nature and scope as will render them enforceable.

SECTION VIII

INDEMNIFICATION

The Company will indemnify the Executive to the extent permitted by the LLC Agreement and the articles of organization of the Company.

SECTION IX

WITHHOLDING TAXES

The Company may directly or indirectly withhold from any payments under this Agreement all federal, state, city or other taxes that shall be required pursuant to any law or governmental regulation. To the extent not so withheld the Executive agrees to be responsible for all taxes arising out of his compensation hereunder.

SECTION X

EFFECTIVE PRIOR AGREEMENTS

This Agreement contains the entire understanding between the Company and the Executive with respect to the subject matter and supersedes any prior employment, compensation or severance agreements between the Company and its affiliates and the Executive, all of which are hereby terminated except to the extent of any surviving restrictive covenants contained therein. The Executive represents and warrants to the Company that the entering into of this Agreement and performance of his duties hereunder will not be in breach of or in violation of any agreement to which Executive is a party or by which Executive is bound, including without limitation any restrictive covenants or confidentiality agreements with any prior employer(s) of the Executive.

SECTION XI

CONSOLIDATION, MERGER OR SALE OF ASSETS

Nothing in this Agreement shall preclude the Company from assigning this Agreement or from consolidating or merging into or with, or transferring all or substantially all of its assets to, another corporation or other entity which assumes this Agreement and all obligations and undertakings of the Company hereunder. Upon such a consolidation, merger or sale of assets, the term "the Company" as used will mean such other corporation or other entity and this Agreement shall continue in full force and effect. At no point in time, however, shall the company and/or entity and/or individual who assumed this agreement have the authority or

ability to modify the "at will" status of the relationship between the Company and the Executive.


SECTION XII

MODIFICATION

This Agreement may not be modified or amended except in writing signed by the parties. No term or condition of this Agreement will be deemed to have been waived except in writing by the party charged with waiver. A waiver shall operate only as to the specific term or condition waived and will not constitute a waiver for the future or act on anything other than that which is specifically waived.


SECTION XIII

GOVERNING LAW; MEDIATION AND ARBITRATION

This Agreement has been executed and delivered in the State of California and its validity, interpretation, performance and enforcement shall be governed by the laws of that state applicable to contracts entered into and wholly performed in such state.

Except for the Company's right to obtain court-ordered relief with respect to breaches of Section IX of this Agreement, the Executive agrees that any dispute among the parties hereto shall first make efforts to mediate, in good faith, in Los Angeles, California.

In the even that mediation efforts are futile and the dispute is not resolved, the dispute is to be settled by arbitration in Los Angeles, California in accordance with the rules then obtaining of JAMS, by a single arbitrator who is a former federal or state court judge, and judgment upon the award rendered may be entered in any court having jurisdiction thereof. The prevailing party shall be entitled to reimbursement of its legal fees from the non-prevailing party.


SECTION XIV

NOTICES

All notices, requests, consents and other communications hereunder shall be in writing and shall be deemed to have been made when delivered or mailed first-class postage prepaid by registered mail, return receipt requested, or if delivered by hand, overnight delivery service or confirmed facsimile transmission, to the following:

(a) If to the Company, at __**Michael Fishman**__, Attention: Class A Member, or at such other address as may have been furnished to the Executive by the Company in writing, copy to Greenberg Traurig, LLP, 77 W. Wacker Drive, Suite 3100, Chicago, IL 60601, Attn: Mason H. Drake; or

(b) If to the Executive, at 2211 Michelson Drive, Suite 1270, Irving, California 92612, c/o The Amin Law Group, Ltd., Ismail Amin, Esq., or such other address as may have been furnished to the Company by the Executive in writing.

SECTION XV
BINDING AGREEMENT

This Agreement shall be binding on the parties' successors, heirs and permitted assigns. The Class A Member shall be an intended third party beneficiary of this Agreement and shall be entitled to enforce the terms hereof. This Agreement may be executed in multiple counterparts.

*[Signature Page Follows]*

IN WITNESS WHEREOF, the undersigned have executed this Employment Agreement as of the date first above written.

COMPANY:

ENV NIGHT LIFE LLC

By: Adam David Lynd

Title: CEO

EXECUTIVE:

Name: Anthony Daly
Title: President of the Nightlife Division

For purposes of Section IV.D.:

JAYDREAMIN PRODUCTIONS, LLC

By: Anthony Daly

Title: President

//
CHI 64063260v4