UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | LA CV15-00509 JAK (Ex) | Date | December 17, 2015 |
|---|---|---|---|
| Title | Anthony Daly v. ENV Night Life, LLC, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Andrea Keifer | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE MOTION FOR DEFAULT JUDGMENT AS TO ENV GROUP, LLC AND ADAM DAVID LYND (DKT. 42, 43, 51); APPLICATIONS TO TAX COSTS (DKT. 44, 45)**

### I.    Introduction

Anthony Daly ("Plaintiff") brought this action on January 22, 2015, and named ENV Night Life, LLC, ENV Group Holdings, LLC, ENV Group, LLC, and Adam David Lynd ("Lynd") as defendants. Dkt. 1. The Complaint alleges 17 causes of action, arising from a purported breach of a written employment agreement. *Id.* Service of the Complaint was effected on ENV Night Life, LLC and ENV Group Holdings, LLC on January 27, 2015. Dkt. 12, 13. After neither filed a timely response, on May 6, 2015, separate judgments, each in the amount of $120,000 plus costs, were entered against ENV Group Holdings, LLC and ENV Night Life, LLC. Dkt. 27, 28.

Service of the Complaint on ENV Group, LLC and Adam David Lynd ("Defendants") was effected on July 30, 2015. Dkt. 34, 35. Neither of the Defendants filed a timely response. On August 25, 2015, Plaintiff filed Applications for Entry of Default as to Defendants, which were granted, with the defaults entered on August 26, 2015. Dkt. 37, 38, 39. Plaintiff then filed separate Motions for Default Judgment ("Motions") and Applications to Tax Costs ("Applications") as to both Defendants on September 14, 2015. Dkt. 42-45, 51. A hearing on the Motions and Applications was held on October 19, 2015. Dkt. 53. At the hearing, the Motions were denied without prejudice to Plaintiff filing a supplemental brief as to whether the Servicemembers Relief Act applies to Defendants. On December 11, 2015, Plaintiff filed the supplemental briefing. Dkt. 55, 56. For the reasons stated in this Order, the Motions and Applications are **GRANTED**.

### II.    Factual Background

The Complaint alleges that, on or about October 25, 2013, Defendants offered Plaintiff work as the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-00509 JAK (Ex) | Date | December 17, 2015 |
| Title | Anthony Daly v. ENV Night Life, LLC, et al. | | |

President of ENV Night Life. Dkt. 1, ¶ 21. Defendants represented to Plaintiff that ENV Night Life would be adequately capitalized and begin operations soon after Plaintiff began work. *Id.* The Complaint alleges that Defendants offered Plaintiff a base annual salary of $250,000, a 20% share of the equity and profits in ENV Night Life and a 3% share of the profits of ENV Group. *Id.* ¶ 22. This offer was memorialized in a written employment agreement ("Employment Agreement"), that both Plaintiff and Lynd signed. Dkt. 1, Ex. A. When Plaintiff accepted Defendants' offer of employment, he resigned from his position as a Director of Nightlife for SBE, a global hospitality and entertainment company, from which he was then receiving an annual base salary of $250,000. Dkt. 1, ¶ 29. Before accepting Defendants' offer, Plaintiff also declined several partnership opportunities with SBE as well as an increase in his annual salary. *Id.*

The Complaint alleges that Plaintiff was employed by Defendants from approximately October 25, 2013 to April 2014. *Id.* ¶ 31. During this period, Plaintiff was required to move to Austin, Texas; he incurred $5,000 in moving and relocation expenses, and leased an apartment there for $2,000 a month. *Id.* ¶ 30. The Complaint alleges that, during his employment with Defendants, Plaintiff rendered all services required by the Employment Agreement, except those that were excused due to Defendants' failure adequately to capitalize ENV Night Life. *Id.* ¶¶ 31, 32.

Plaintiff was neither paid for this work nor reimbursed for his moving expenses. *Id.* ¶ 31. In or about April 2014, Plaintiff resigned from his position because Defendants had failed to capitalize ENV Night Life so that it could become operational. *Id.* ¶ 33. The Complaint alleges that, pursuant to the Employment Agreement, Plaintiff was entitled to compensation and reimbursement for all services Plaintiff rendered, as well as reasonable business expenses incurred prior to his resignation. *Id.* The Complaint also alleges that Plaintiff demanded the payment of his compensation by Defendants, both orally and in writing, but that they have refused and failed to do so. *Id.* ¶¶ 33, 39.

### III. Analysis

#### A. Legal Standard

Local Rule 55-1 requires that a party moving for default judgment submit a declaration or include information with respect to the following: (1) when and against which party default has been entered; (2) the pleading as to which default has been entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (4) whether the Servicemembers Civil Relief Act, 50 U.S.C. App. § 521, applies; and (5) whether notice has been served on the defaulting party, if required by Fed. R. Civ. P. 55(b)(2).

Once the foregoing procedural elements have been satisfied, whether to enter a default judgment is within the discretion of the trial court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising this discretion, the Ninth Circuit has determined that district courts should consider the following seven factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-00509 JAK (Ex) | Date | December 17, 2015 |
| Title | Anthony Daly v. ENV Night Life, LLC, et al. | | |

dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong public policy favoring decisions on the merits (collectively, "the *Eitel* factors"). *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The plaintiff is required to prove all damages. To determine damages, a court may rely on the declarations submitted by the plaintiff or order a full evidentiary hearing. Fed. R. Civ. P. 55(b)(2). Additionally, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

    **B.**    **Application**

        1.    Procedural Requirements

Plaintiff has satisfied the procedural requirements of Local Rule 55-1. The Motions state that: (i) default was entered against Defendants on August 26, 2015; (ii) Defendants are neither infants nor incompetent persons; and (iii) notice of these Motions has been served on Defendants. Dkt. 42, 43. The supplemental declarations filed by Plaintiff state that the Servicemembers Civil Relief Act does not apply to either Defendant. Dkt. 55, 56.

        2.    *Eitel* Factors

            a)    Possibility of Prejudice

As a result of the failure of Defendants to appear or participate in this litigation, Plaintiff will suffer prejudice if the default judgment is not entered. Thus, absent its entry, Plaintiff would be left without a remedy. *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) ("Plaintiff would suffer prejudice if the default judgment is not entered because Plaintiff would be without other recourse for recovery."); *PepsiCo v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery."). Therefore, the first *Eitel* factor weighs in favor of granting default judgment.

            b)    Substantive Merits and Sufficiency of the Claims

The second and third *Eitel* factors assess the substantive merit of the claims of the moving party and the sufficiency of its pleadings. These factors "require that a [movant] 'state a claim on which [it] may recover.'" *PepsiCo*, 238 F. Supp. 2d at 1175 (quoting *Kloepping v. Fireman's Fund*, 1996 WL 75314, at *2 (N.D. Cal. Feb. 13, 1996)). The Complaint asserted 17 causes of action. However only Plaintiff's alleged breach of contract claim is relevant to the Motions, as Plaintiff requests damages that correspond to the alleged breach of contract by Defendants.

A claim for breach of contract must include allegations that show: (i) the existence of a contract; (ii) plaintiff's performance or excuse for non-performance; (iii) defendant's breach; and (iv) resulting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-00509 JAK (Ex) | Date | December 17, 2015 |
|---|---|---|---|
| Title | Anthony Daly v. ENV Night Life, LLC, et al. | | |

damage to the plaintiff. *Acoustics, Inc. v. Trepte Constr. Co.*, 14 Cal. App. 3d 887, 913 (1971).

The Complaint sufficiently alleges a claim for breach of contract. Thus, it claims that: (i) Defendants entered into an Employment Agreement with Plaintiff, a copy of which is provided with the Complaint in a form that is signed by both Plaintiff and Lynd; (ii) Plaintiff performed all of his obligations under the Employment Agreement, except what was excused by Defendants' failure to fund the operations; (iii) Defendants breached the Employment Agreement by failing to pay Plaintiff or reimburse him as required by the Employment Agreement; and (iv) Plaintiff suffered damages both due to the non-payment and by foregoing the earnings he could have attained had he not left his prior employment to take the position with Defendants. Dkt. 1, ¶¶ 29-33, 40-55, Ex. A. Thus, the Complaint sufficiently pleads a breach of contract claim against Defendants through which Plaintiff has demonstrated the merits of his substantive claim. Therefore, the second and third *Eitel* factors weigh in favor of granting default judgment.

c)  Sum of Money at Stake

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. Default judgment is discouraged when the amount of money at stake in the litigation is "too large or unreasonable in light of defendant's actions." *Truong Giang Corp. v. Twinstar Tea Corp.*, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007). Here, Plaintiff seeks $120,000 in actual and compensatory damages against Defendants, for which they would be jointly and severally liable, plus costs in the amount of $453.95 as to ENV Group, LLC and $2,337.15 as to Lynd. Dkt. 42 at 2; Dkt. 43 at 2. Given the Complaint's allegations that Defendants agreed to pay Plaintiff $250,000 as an annual salary and that Plaintiff worked for approximately a six-month period, from October 25, 2013 to in or about April 2014, $120,000 in damages plus costs is reasonable. Accordingly, this factor weighs in favor of granting default judgment.

d)  Possibility of Dispute Concerning Material Facts

Upon entry of default, all facts pleaded in the Complaint are taken as true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Although it is possible that Defendants could dispute the material facts, their failure to appear to do so supports a finding that this is unlikely. Moreover, the evidence presented in support of the Motions supports this conclusion. Therefore, the fifth *Eitel* factor weighs in favor of granting the motions for default judgment.

e)  Excusable Neglect

There is no showing that Defendants failed to respond to the Complaint due to excusable neglect. Plaintiff provided them with ample notice. The sixth *Eitel* factor weighs in favor of default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-00509 JAK (Ex) | Date | December 17, 2015 |
|---|---|---|---|
| Title | Anthony Daly v. ENV Night Life, LLC, et al. | | |

        f)      Public Policy

The seventh *Eitel* factor generally disfavors the entry of default judgment. However, "although the federal courts prefer to decide cases on their merits when reasonably possible, this preference is not dispositive. When a defendant fails to answer a plaintiff's complaint, a decision on the merits is impractical, if not impossible. Therefore, the preference to decide cases on the merits does not preclude a court from granting default judgment." *United States v. One Glock 19*, 2007 WL 2438361, at *3 (N.D. Cal. Aug. 23, 2007) (citations and quotations omitted). The failure of Defendants to respond to the Complaint has precluded a decision on the merits. Therefore, this factor does not alone provide a sufficient basis to deny the Motions.

        \*                \*                \*

All of the *Eitel* factors weigh in favor of the entry of default judgment against Defendants. Accordingly, Plaintiff's Motions for Default Judgment are **GRANTED**.

      3.      Damages Sought

Under the Federal Rules of Civil Procedure, a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Therefore, "a default judgment must be supported by specific allegations as to the exact amount of damages asked for in the complaint." *Philip Morris USA*, 219 F.R.D. at 499.

The Complaint alleges that "Defendants' material breaches and failure to cure the identified deficiencies directly and proximately caused Plaintiff actual and compensatory damages . . . at no less than One Hundred Twenty Thousand Dollars ($120,000.00)." Dkt. 1, ¶ 54. Plaintiff seeks only $120,000 through the Motions. Therefore, default judgment in that amount is appropriate.

The Complaint also requests "attorneys' fees and costs." *Id.* at 64. Plaintiff seeks costs in the amount of $453.95 as to ENV Group, LLC and $2,337.15 as to Lynd. Dkt. 44, 45. Fed. R. Civ. P. 54(d) states, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The Local Rules expressly permit the award of filing fees and those incurred to effect service to be taxed as costs. Local Rule 54-3.1, 54-3.2. Plaintiff's Applications state that Plaintiff has incurred $400 in filing fees and $53.95 in fees associated with effecting service of process as to ENV Night Life, and $400 in filing fees and $1,937.15 in fees for effecting the service of process as to Lynd. Dkt. 44, 45. Although no explanation for these fees was filed with the Applications, Plaintiff's counsel submitted a declaration on June 15, 2015, documenting extensive efforts to serve Defendants, beginning on January 26, 2015, until service was finally achieved on July 30, 2015. Dkt. 32. Under these circumstances, an award of costs of $453.95 as to ENV Group, LLC and $2,337.15 as to Lynd is reasonable and appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-00509 JAK (Ex) | Date | December 17, 2015 |
| Title | Anthony Daly v. ENV Night Life, LLC, et al. | | |

**IV.    Conclusion**

For the reasons stated in this Order, the Motions for Default Judgment are **GRANTED.** Plaintiff is awarded $120,000 in damages as against Defendants ENV Group, LLC and Adam David Lynd, for which they will be jointly and severally liable. Plaintiff is additionally awarded $453.95 in costs as against ENV Group, LLC and $2,337.15 in costs as against Adam David Lynd. Plaintiff shall submit a proposed Judgment within 10 days of the entry of this Order. The proposed Judgment shall include an amended judgment as to ENV Group Holdings, LLC and ENV Night Life, LLC and will replace the default judgments already entered as to those defendants (Dkt. 27, 28), so that there will be a single judgment as to all defendants in this action.

**IT IS SO ORDERED.**

:

Initials of Preparer    ak